533 A.2d 1391

COMMONWEALTH of Pennsylvania

v.

Mary Jane MISER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 3, 1987.

Filed Nov. 16, 1987.

John R. Ryan, Clearfield, for appellant.

Joseph A. Curcillo, III, Clearfield, Assistant District Attorney, for Com.

Before BROSKY, TAMILIA and KELLY, JJ.

KELLY, Judge:

Appellant, Mary Jane Miser, appeals from an order dated March 26, 1986 revoking probation and sentencing appellant to incarceration for a period of five to ten years. We vacate judgment of sentence and remand.

Appellant was charged and plead guilty to criminally conspiring to violate the Controlled Substance, Drug, Device and Cosmetic Act. 35 Pa.S.A. § 780–113(a)(30). The maximum penalty for such offense is five years incarceration. Appellant was sentenced on May 15, 1978 to a term of three years probation.

Appellant's probation was revoked on February 15, 1979, upon a finding that she had violated the terms of her probation by committing a subsequent violation of the Act. She was resentenced on June 25, 1979 to a term of ten years probation. On February 20, 1985, appellant was charged with a third violation of the Controlled Substance Act. On February 25, 1986, appellant, acting *pro se*, filed a motion to modify and/or vacate sentence of June 25, 1979 *nunc pro tunc*. Court-appointed counsel then filed a motion for reconsideration of both the revocation and the sentence imposed on June 25, 1979. The sentencing judge, on March 26, 1986, issued an order denying the motion and stating that one of the reasons for the imposition of the ten year probation sentence of June 25, 1979 was application of the enhancement provision of the Act, which the court construed as authorizing a new maximum sentence of up to

ten years imprisonment. 35 Pa.S.A. § 780–115.[1] The court then proceeded to find appellant in violation of probation, revoked probation, and resentenced appellant to a term of five (5) to ten (10) years incarceration. This sentence was also based upon the court's construction and application of the enhancement provision of the Act.

This appeal was filed by appellant, acting *pro se*, on April 22, 1986. On July 3, 1986, the trial court heard argument on the motion for reconsideration of both the order and the sentence filed by appellant's counsel; on August 12, 1986, the court dismissed that motion. The matter is now properly before this Court for disposition.

Appellant argues that the sentence of June 25, 1979 was illegal in that it imposed an excessive and impermissible period of probation as the court did not state its use of the enhancement provisions on the record at sentencing; she also argues that the court erred in imposing an enlarged sentence on June 25, 1979 where the bill of information failed to contain allegations of appellant's prior offenses.

These arguments constitute a collateral challenge to the 1979 sentence which we will not entertain. Appellant failed to challenge the June 25, 1979 imposition of sentence by filing a timely motion to modify. Pa.R.Crim.P. 1410. Thus, appellant's right to challenge on direct appeal the alleged illegality and excessiveness of the sentence imposed and the sentencing court's failure to state sufficient reasons for the sentence imposed were waived. In order to challenge her 1979 sentence of probation at this late date,

---

1. **780–115   Second or Subsequent Offense**
   (a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state, may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
   (b) For purposes of this section, an offense is considered a second or subsequent offense, if prior to the commission of the second offense, the offender has at any time been convicted under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state relating to controlled substances.

appellant must avail herself of the procedures provided by the Post–Conviction Hearing Act. *See Commonwealth v. Christian*, 302 Pa.Super. 253, 448 A.2d 623 (1982).

■ However, on this direct appeal from the March 1986 judgment of sentence, we may reach the merits of appellant's arguments that the March 1986 sentence was illegal. Appellant contends that the maximum sentence to which appellant could have been sentenced was the maximum sentence to which she was originally subject, i.e. a term of five years incarceration. Appellant argues that "a judge upon resentencing stands in the same shoes he occupied at the original sentencing." (Appellant's brief at 7). We agree.

The enhancement provision of the Act, Section 15, states that "any person convicted of a second or subsequent offense" under the Act may be subject to an enhanced maximum sentence for that subsequent offense. 35 P.S. § 780–115(a). Appellant was *charged* with subsequent offenses; there is no information in the record presently before this Court as to whether appellant was *convicted* of either offense charged.[2] Such information, however, is not essential to our disposition of the present appeal. We hold that the trial court acted beyond its legal scope of authority granted by 35 P.S. § 780–115(a) by resentencing appellant on her *original* conviction to five to ten years incarceration as the enhancement provision applies only to *subsequent* convictions. Thus, even if appellant had been convicted of both of the subsequent offenses, the present sentence would still be illegal. The enhancement provision simply does not apply to an original conviction; rather, it only applies to a subsequent conviction.

The court was without authority to sentence appellant to a period of incarceration of greater than five (5) years. 35 Pa.S.A. § 780–113. The sentence of five (5) to ten (10)

---

**2.** We note that the enhancement provision could not be applied as the result of a probation violation, as opposed to a subsequent conviction, as the clear language of the provision applies only to convictions rather than to mere probation violations.

years incarceration imposed is, therefore, illegal. Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.