**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Alton Bernard WARREN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 2013.
Filed Jan. 29, 2014.

Paul P. Ackourey, Tunkhannock, for appellant.

Jeffery Mitchell, District Attorney, Tunkhannock, for Commonwealth, appellee.

BEFORE: DONOHUE, OTT and PLATT,* JJ.

OPINION BY DONOHUE, J.:

Alton Bernard Warren ("Warren") appeals from the judgment of sentence entered following his conviction of possession of a controlled substance with intent to deliver ("PWID"), 35 P.S. § 780–113(a)(30). For the following reasons, we vacate and remand for resentencing.

On February 6, 2013, Warren pled guilty to one count of PWID with regard to 0.9 grams of heroin in exchange for the Commonwealth's agreement to *nol pros* the remaining charges it had filed against him. The Sentencing Guideline Form indicated a mitigated sentence of 15 months, standard sentence range of 21–27 months, and an aggravated sentence of 33 months. The Guideline Form provided a statutory maximum sentence of 360 months, but the trial court inexplicably stated that the stat-

utory maximum was 120 months. N.T., 2/6/13, at 15. The trial court imposed a sentence of 54–120 months of incarceration. In doing so, it employed 35 P.S. § 780–115 ("Section 780–115") and doubled the high end of the standard-range sentence (27 months) to arrive at the minimum sentence. *See* Trial Court Opinion, 3/15/13, at 4–5. Warren filed timely post-sentence motions, which the trial court denied. This appeal followed.

Warren presents the following three issues for our review:

1. Did the court err in misapplying [Section 780–115] by doubling the minimum standard range of sentence under the sentencing guidelines?

2. Did the court err by failing to inform the appellant through a guilty plea colloquy or on the record at sentencing the standard range of sentence as well as the maximum sentence that may be doubled pursuant to [Section 780–115]?

3. Should the sentence be vacated where the court failed to state on the record the reasons relied upon when imposing a minimum sentence of [54] months, which was outside the standard guideline range?

Appellant's Brief at 4.[1]

In his first issue, Warren argues that Section 780–115 permits the trial court to double only his maximum sentence and contends that the trial court erred in relying on this statutory provision to double the standard guideline sentence (27 months) to arrive at his minimum sentence (54 months). Appellant's Brief at 11–12. His challenge, therefore, is to the trial court's interpretation of this Section

---

* Retired Senior Judge assigned to the Superior Court.

1. We have reordered Warren's issues for purposes of our discussion.

780–115. "[W]e are mindful of the well-settled rule that statutory interpretation implicates a question of law. Thus, our scope of review is plenary, and our standard of review is de novo." *Commonwealth v. Dixon*, 53 A.3d 839, 842 (Pa.Super.2012) (citations omitted). Section 780–115 is a discretionary sentencing enhancement statute. It provides as follows:

### § 780–115. Second or subsequent offense

(a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

35 P.S. § 780–115(a) (footnote omitted). When interpreting a statute,

our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. *See* 1 Pa.C.S.A. § 1921(a) ('The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.'); *Nationwide Ins. Co. v. Schneider*, 599 Pa. 131, 143, 960 A.2d 442, 448 (2008). Generally, the best indication of the General Assembly's intent may be found in the plain language of the statute. *Martin v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 588 Pa. 429, 438, 905 A.2d 438, 443 (2006). In this regard, 'it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.' *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 59–60, 213 A.2d 277, 282 (1965). Consequently,

'[a]s a matter of statutory interpretation, although one is admonished to listen attentively to what a statute says[;][o]ne must also listen attentively to what it does not say.' *Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.*, 567 Pa. 514, 525, 788 A.2d 955, 962 (2001) (internal quotations omitted).

*Commonwealth v. Wright*, 609 Pa. 22, 48, 14 A.3d 798, 814 (2011).

■ Applying these principles, we conclude that the plain language of this statute defeats Warren's claim. This statute doubles the statutorily permissible length of a qualifying defendant's possible term of incarceration. It contains no restrictions on how the trial court may structure a sentence within these extended parameters, such as the restriction advocated for by Warren. Notably, the statute does not employ the term "maximum sentence," a phrase that Warren reiterates extensively in constructing his argument. As such, it is clear that we would be reading "a requirement which the legislature did not see fit to include" if we were to agree with Warren's argument. This we cannot do.

In support of his claim, Warren cites principally to *Commonwealth v. Griffin*, 804 A.2d 1 (Pa.Super.2002), arguing that in that case "the Court indicated the recidivism provision allows for an enhancement doubling the *maximum* legal sentence." Appellant's Brief at 12 (emphasis in the original). However, the issue in *Griffin* was whether the fact of a prior qualifying conviction must be found by a jury before Section 780–115 may be applied. In the course of addressing that issue, this Court first explained that Section 780–115 is a discretionary sentencing enhancement, stating "whether the trial court elects to apply the recidivist provision or not, the fact that the defendant is eligible for an enhanced sentence doubles the maximum legal sentence that otherwise would have

applied...." *Id.* at 15. We disagree with Warren that this statement means that Section 780–115 applies only a defendant's maximum sentence. In context, it appears that this statement was simply a brief explanation of the furthest reach Section 780–115 can have on a defendant's sentence. Second, as this statement was not germane to the resolution of the issue before the court, it is *dicta,* and therefore not authoritative precedent. *See Lewis v. Erie Ins. Exch.,* 753 A.2d 839, 849 (Pa.Super.2000) (providing that a statement unnecessary to the disposition of a case constitutes *dicta*).

For the same reasons, we are not persuaded by the second case cited by Warren, *Commonwealth v. Young,* 922 A.2d 913 (Pa.Super.2007). The only question before the Court in *Young* was whether Section 780–115 is applicable to a conviction for conspiracy. In addressing this issue, we discussed Section 780–115 generally and stated, "The terms of this provision expressly empower the trial court to double the maximum ten year sentence...." *Id.* at 917–18. Again, we disagree with Warren's interpretation of this statement as a proclamation that Section 780–115 applies only to the maximum sentence imposed, and again, we point out that this statement is *dicta,* as the issue before the Court was whether Section 780–115 may be applied to a sentence for conspiracy. *See Lewis,* 753 A.2d at 849.

The third case Warren cites, *Commonwealth v. Miser,* 368 Pa.Super. 311, 533 A.2d 1391 (1987), vacated a sentence enhanced under Section 780–115, but only because it was erroneously imposed on a *first* conviction, not a subsequent conviction. *Miser* does not discuss the application of Section 780–115 beyond reiterating the statute's clear language that it applies only to second and subsequent qualifying convictions. Accordingly, it does not advance Warren's position.

▆ Warren next argues that the trial court erred in not permitting Warren to withdraw his guilty plea because it failed to inform him that his sentence could be doubled pursuant to Section 780–115. Appellant's Brief at 15. We note that Warren sought to withdraw his guilty plea in his post-sentence motion. It is well established that when a defendant seeks to withdraw a guilty plea after sentencing, "a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commonwealth v. Persinger,* 532 Pa. 317, 321, 615 A.2d 1305, 1307 (1992). In certain circumstances, the failure to inform a defendant of the maximum possible sentence he or she could receive has been found to be a manifest injustice. For instance, this is the case when the defendant receives a sentence in excess of what he was informed the maximum sentence could be. *See id.* However, "if a defendant enters an open guilty plea and justifiably believes that the maximum sentence is less than what he could receive by law, he may not be permitted to withdraw the plea unless he receives a sentence greater than what he was told." *Commonwealth v. Barbosa,* 819 A.2d 81, 82 (Pa.Super.2003) (citing *Commonwealth v. Carter,* 540 Pa. 135, 656 A.2d 463 (1995)). This is precisely situation we have here. Warren entered an open guilty plea. Although the Sentencing Guideline Form indicated that the statutory maximum was 360 months, the trial court informed Warren that the maximum term of incarceration he could receive was 120 months. N.T., 2/6/13, at 15.[2] Even

---

**2.** We note that there is no indication in the record that Warren reviewed the Sentencing Guideline Form or was otherwise made

though the trial court did not inform Warren prior to sentencing that it could apply Section 780–115 to impose a sentence up to twice the statutory limit, the trial court imposed a maximum sentence of 120 months. The maximum sentence did not exceed what Warren had been told was the possible maximum sentence. Warren cannot, therefore, establish a manifest injustice so as to permit the withdrawal of his guilty plea after sentencing.

■■ In the final issue raised on appeal, Warren claims the trial court failed to state the reasons for his sentence, which exceeded the guideline ranges, on the record, and therefore that his sentence must be vacated. Appellant's Brief at 13. The Sentencing Code sets forth the considerations a trial court must take into account when formulating a sentence:

[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). It also provides:

In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.* Furthermore, when sentencing a defendant beyond the ranges recommended by the sentencing guidelines, the trial court must state its reasons for departing from

the guidelines on the record. *Bowen,* 55 A.3d at 1263–64. When doing so,

a trial judge ... [must] demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, *so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.*

*Id.* at 1264 (emphasis added).

■ As stated above, the Sentencing Guideline Form in this case indicated a mitigated sentence of 15 months, standard sentence range of 21–27 months, and an aggravated sentence of 33 months. As Warren was sentenced to 54–120 months of incarceration, he was sentenced beyond the guideline ranges, and so the trial court was required to state its reasons for deviating from the guidelines on the record. When imposing this sentence, the trial court set forth the terms of Warren's sentence and then stated only the following: "Reasons for sentence, the defendant's relevant prior criminal record. The sentence is within the sentencing guidelines and any lesser of a sentence would depreciate the serious nature of the defendant's actions." N.T., 2/6/13, at 19–20. These remarks by the trial court do not evince an awareness of the sentencing guidelines or explain the trial court's decision to deviate therefrom, as was required. *See Bowen,* 55 A.3d at 1264. It appears that the trial court was under the impression that it sentenced Warren within the sentencing guidelines;

aware that it indicated a statutory maximum of 360 months.

this would explain why it did not state the factual basis and reasons for deviation from the guidelines. The trial court attempted to ameliorate this error in its subsequent Pa.R.A.P. 1925(a) opinion by stating additional reasons for the sentence, *see* Trial Court Opinion, 3/15/13, at 6, but this does not suffice. As quoted above, the statute requires that the trial court state its reasons for the sentence in court at the time of sentencing. *See* 42 Pa.C.S.A. § 9721(b). For this reason, we must vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.