J-A12029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN LEE GREENE | |
| Appellant | No. 1353 EDA 2013 |

Appeal from the Order entered April 19, 2013
In the Court of Common Pleas of Carbon County
Criminal Division at No: CP-13-CR-0000286-2011

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 20, 2014**

Justin Lee Greene, who pleaded guilty to indecent assault in 2011, was required to register as a sex offender under the Pennsylvania Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-.41, which became effective in 2012.  He argues that SORNA cannot be applied to him retroactively.  A recent amendment to SORNA, as interpreted by this Court, precludes application of SORNA's registration requirements to Greene.  Accordingly, we vacate the trial court's order.

The Commonwealth charged Greene with, among other crimes, the forcible rape of an adult female.  On August 3, 2011, after a jury had been empaneled and immediately prior to the beginning of trial, Greene entered a

_____

[*] Retired Senior Judge assigned to the Superior Court.

guilty plea to indecent assault without the complainant's consent, a second-degree misdemeanor. 18 Pa.C.S.A. § 3126(a)(1) and (b)(1). In exchange for Greene pleading guilty, the Commonwealth dismissed the remaining charges.

The sex-offender registration law then in effect, Megan's Law,[1] did not require Greene to register as a sex offender. Rather, at that time, Megan's Law required registration for persons convicted of indecent assault only if the offense was a first-degree misdemeanor or felony. 42 Pa.C.S.A. § 9795.1(a)(1) (expired Dec. 20, 2012).

On October 17, 2011, the trial court sentenced Greene to seven to twenty-four months less one day in jail, with the maximum set to expire on March 27, 2013. Because Greene had already served the minimum sentence, he was paroled shortly thereafter. On August 14, 2012, Greene was recommitted to jail for violating his parole. The revocation petition alleged that Greene committed a new criminal offense in Lehigh County and violated the terms of his parole.

While in jail, Greene received a letter from the Lehigh County Department of Adult Probation and Parole dated December 28, 2012. The letter informed Greene of changes to Pennsylvania's sex-offender

_____

[1] Act of May 10, 2000, P.L. 74, No. 18 (formerly codified at 42 Pa.C.S.A. §§ 9791-99.9). Megan's Law expired on December 20, 2012, and was replaced by SORNA. *See* 42 Pa.C.S.A. § 9799.41.

registration law, *i.e.*, the passage of SORNA, and that he was required to register as a sex offender under SORNA. On January 11, 2013, Greene filed a petition with the trial court to preclude registration under SORNA. He alleged that SORNA did not apply to him, or that applying it to him would violate his plea agreement and the federal and state constitutions.

On February 22, 2013, the trial court held a hearing to address Greene's petition as well as the alleged parole violation. The trial court found Greene in violation of his parole, and sentenced him to 90 days in jail. On April 19, 2013, the trial court denied Greene's petition to preclude SORNA registration. Greene timely appealed to this Court.

On appeal, Greene raises eleven sub-issues, which we have grouped into three categories: (1) statutory language precludes application of SORNA to him; (2) applying SORNA to Greene would violate his guilty plea agreement; and (3) applying SORNA to Greene would violate the contracts clauses and *ex post facto* clauses of the federal and state constitutions. **See** Appellant's Brief at ii-iii.

Greene's first argument requires us to interpret a statute—a question of law. Therefore, our scope of review is plenary, and our standard of review is *de novo*. **Commonwealth v. Warren**, 84 A.3d 1092, 1095 (Pa. Super. 2014). In construing a statute, we apply the Statutory Construction Act of 1972, 1 Pa.C.S.A. §§ 1501-1991. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." **Id.** § 1921(a). The plain language of a statute is the

best indication of the General Assembly's intent. ***Ario v. Ingram Micro, Inc.***, 965 A.2d 1194, 1201 (Pa. 2009). For that reason, we may not disregard the plain meaning of a statute under the pretext of divining the statute's spirit. 1 Pa.C.S.A. § 1921(b).

In interpreting the meaning of the words of a statute,

> [w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in [the Statutory Construction Act], shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S.A. § 1903(a). If a statute is ambiguous, we may interpret the statute using other factors. ***See id.*** § 1921(c); ***Ario***, 965 A.2d at 1201. Finally,

> [w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933.

The relevant section of SORNA provides:

> The following individuals shall register with the Pennsylvania State Police as provided in [42 Pa.C.S.A. §§] 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:
>
> > (2) An individual who, on or after the effective date of this section, is, as a result of a conviction for a sexually violent

- 4 -

offense, an inmate in a State or county correctional institution of this Commonwealth, including a community corrections center or a community contract facility, is being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole, is subject to a sentence of intermediate punishment or has supervision transferred pursuant to the Interstate Compact for Adult Supervision in accordance with [42 Pa.C.S.A. §] 9799.19(g).

(3.1) The following:

(i) An individual who between January 23, 2005, and December 19, 2012, was:

(A) convicted of a sexually violent offense;

(B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or

(C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.

(ii) For purposes of this paragraph, the term "sexually violent offense" shall have the meaning set forth in [42 Pa.C.S.A. §] 9799.12 (relating to definitions), except that it shall not include:

* * *

(B) A conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree or where the conviction occurred between January 22, 2006, and January 1, 2007, when the crime is graded as a felony of the third degree.

42 Pa.C.S.A. § 9799.13(2) and (3.1) (other paragraphs omitted).

Paragraph (3.1) was added to SORNA by the Act of March 14, 2014, P.L. 41, No. 19 (Act 19), effective retroactively to December 20, 2012.  The General Assembly explicitly intended Act 19 to respond to our Supreme

Court's decision in ***Commonwealth v. Neiman***, 84 A.3d 603 (Pa. 2013). 42 Pa.C.S.A. § 9799.11(b)(3). In ***Neiman***, the court held unconstitutional amendments to Megan's Law (Megan's Law III) because the enacting legislation violated the Single Subject Rule.[2] ***Neiman***, 84 A.3d at 605, 616. ***Neiman*** was decided on December 16, 2013, but because of its significant impact, the Supreme Court stayed effect of its decision for 90 days—or March 17, 2014. ***Id.*** The Governor approved Act 19 on March 14, 2014, the business day before ***Neiman***'s effective date.

The Legislature's intent is further manifested by the time period to which ¶ (3.1) applies. The time-period begins on January 23, 2005—the day before the registration provisions of Megan's Law III took effect, ***see*** Act of Nov. 24, 2004, P.L. 1243, No. 152 § 19(5)—and ends on December 19, 2012, the day before SORNA took effect.

Turning to this case, we note that both ¶¶ (2) and (3.1) could apply to Greene. Paragraph (2) could apply, because on December 20, 2012, Greene was, as a result of his conviction of a "sexually violent offense," incarcerated for a parole violation.[3] Paragraph (3.1) also could apply, because Greene

---

[2] "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." Pa. Const. art. III, § 3.

[3] Unlike under Megan's Law, indecent assault graded as a second-degree misdemeanor is a "sexually violent offense" under SORNA, and thus requires registration as a sex offender. ***See*** 42 Pa.C.S.A. §§ 9799.12, 9799.14(b)(6).

was convicted of indecent assault graded as a second-degree misdemeanor between January 23, 2005 and December 19, 2012. The two provisions conflict, because ¶ (2) requires Greene to register under SORNA, while ¶ (3.1) does not.

This Court recently addressed an identical situation in **Commonwealth v. Bundy**, --- A.3d ---, 2014 WL 3367069, 2014 PA Super 144, 2014 Pa. Super. LEXIS 1780 (filed July 10, 2014). Bundy pleaded guilty to, *inter alia*, indecent assault in which the complainant was than 16 years old and the offender was four or more years older than the complainant and the complainant and offender were not married to each other, 18 Pa.C.S.A. § 3126(a)(8). **Bundy**, 2014 WL 3367069, at *1, 2014 Pa. Super. LEXIS 1780, at *2. That version of indecent assault is also a second-degree misdemeanor, **see** 18 Pa.C.S.A. § 3126(b)(1), and therefore did not require registration under the now-expired Megan's Law. Additionally, Bundy was subject to probation for his conviction on December 20, 2012. **Bundy**, 2014 WL 3367069, at *1, 2014 Pa. Super. LEXIS 1780, at *2-3. Thus, like Greene, Bundy was potentially subject to both ¶ (2), which would have required SORNA registration, and ¶ (3.1), which would not have.

Addressing the conflict between ¶¶ (2) and (3.1) of SORNA's applicability provision, the **Bundy** court held:

> We are mindful that there is possible tension between Paragraph (3.1)(ii) and Paragraph (2) of Section 9799.13, with the latter stating, in relevant part, that the registration requirements apply

- 7 -

to "[a]n individual who, on or after the effective date of this section [December 20, 2012], is, as a result of a conviction for a sexually violent offense, . . . being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole[.]" 42 Pa.C.S. § 9799.13(2). Nevertheless, to the extent there may be a conflict in the statute, the general provision in Paragraph (2) yields to the specific provision set forth in Paragraph (3.1) and Paragraph (3.1) controls. **See** 1 Pa.C.S. § 1933.

*Id.* at *5 n.4; 2014 Pa. Super. LEXIS 1780, at *12-13 n.4.

This case is indistinguishable from **Bundy**. Like Bundy, Greene was convicted of indecent assault graded as a second-degree misdemeanor between January 23, 2005 and December 19, 2012. 42 Pa.C.S.A. § 9799.13(3.1)(ii)(B) excludes second-degree misdemeanor indecent assault convictions obtained between January 23, 2005 and December 19, 2012 from SORNA's general definition of sexually violent offenses. Therefore, like Bundy, Greene does not need to register under SORNA per 42 Pa.C.S.A. § 9799.13(3.1). Finally, the preclusion from SORNA registration applies even though Greene—like Bundy—could be covered under ¶ 2 of § 9799.13, because Greene was in prison and Bundy was on probation on December 20, 2012 as a result of their convictions of sexually violent offenses. Paragraph (3.1), as a specific provision of SORNA trumps the more general provision of ¶ (2).[4] **Bundy**, 2014 WL 3367069, at *5 n.4; 2014 Pa. Super. LEXIS 1780, at *12-13 n.4.

_____

[4] We recognize a potential counterargument that would compel a different result. When the general provision of a statute conflicts with a specific provision, the Statutory Construction Act directs us to construe the two

*(Footnote Continued Next Page)*

Greene's conviction is not statutorily included in SORNA's applicability provision. He does not have to register as a sex offender.[5] Accordingly, we vacate the trial court's order.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014

*(Footnote Continued)* ——————————

provisions, if possible to give effect to both. 1 Pa.C.S.A. § 1933. In that regard, it is possible to construe the language in 42 Pa.C.S. § 9799.13(3.1) limiting the SORNA definition of "sexually violent offense" to apply to only those offenders (1) whose convictions occurred during the enumerated time period *and* (2) who are not also still subject to imprisonment or supervision as a result of their convictions. This interpretation is in accord with the express intent of Act 19, which was to respond to the **Neiman** decision—not to more generally limit SORNA's retroactive application. **See** 42 Pa.C.S.A. § 9799.11(b)(3). However, we must reject this counterargument and apply **Bundy**, which is controlling here.

[5] Because we conclude that SORNA does not apply to Greene, we need not consider his arguments that application of SORNA would violate his plea agreement or the *Ex Post Facto* Clause of the United States Constitution. **But cf. Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014) (holding that defendants who violate probation or parole cannot seek specific performance of their plea agreements); **Commonwealth v. Perez**, 2014 PA Super 142, 2014 WL 3339161, 2014 Pa. Super. LEXIS 1777 (filed July 9, 2014) (holding that retroactive application of SORNA registration requirements is not an *ex post facto* violation).