J. S12032/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA

           Appellee   :

       v.   :

JAMES C. SAYLOR,   :

           Appellant   :   No. 1323 EDA 2014

Appeal from the PCRA Order March 25, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division No(s).: CP-39-CR-0004299-2010

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED APRIL 28, 2015**

Appellant, James C. Saylor, appeals the order of the Lehigh County Court of Common Pleas that denied his first Post Conviction Relief Act[1] ("PRCA") petition after an evidentiary hearing. Appellant claims his counsel's ineffectiveness induced him to plead guilty based on a misunderstanding over his prior record score ("PRS"). We affirm.

On July 20, 2011, Appellant, with the assistance of counsel from the Office of the Public Defender ("plea counsel"), negotiated a plea agreement to eighteen counts of, *inter alia*, burglary, theft, and access device fraud listed in CR-4299-2010 and CR-2689-2011. Under the agreement, nine

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

J. S12032/15

counts from CR-4299-2010 were grouped for disposition ("Category I"). N.T., 7/20/11, at 8. Another eight counts from CR-4299-2010 and one count from CR-2689-2011 constituted a separate group ("Category II"). *Id.* The parties agreed the sentences within each Category should be concurrent and within the standard range of the Sentencing Guidelines. *Id.* The trial court retained the discretion to order the Category II sentence to run consecutively to the Category I sentence. *Id.* The Commonwealth agreed to withdraw numerous counts. *Id.*

When summarizing the plea agreement, the Commonwealth expressed its belief that Appellant's PRS was two and the highest offense gravity score for the charges in each Category was nine. *Id.* at 6. The Commonwealth stated, "We'd be looking at [minimum sentences of] 2 to 3 years" on each Category based on the Sentencing Guidelines. *Id.* The trial court responded, "The standard range will be determined once we have a presentence report [and after] the investigation has been fully made by the investigator." *Id.* at 8. The court informed Appellant he had the right to withdraw his plea if it did not accept the agreement. *Id.* at 8-9. The court conducted a colloquy, after which Appellant entered his pleas of guilty. *Id.* at 9-27.

The parties and the trial court subsequently received copies of the presentence investigation report, which indicated Appellant's PRS was three. Thus, the Sentencing Guidelines suggested a standard range minimum

sentence of thirty to forty-two months' imprisonment for each category, **see** N.T., 9/19/11, at 4, not the twenty-four to thirty-six months' referred to by the Commonwealth at the guilty plea hearing.

On September 19, 2011, the trial court imposed aggregate sentences of forty-two months' to fifteen years' imprisonment on Category I and II, respectively. The court directed one of the Category II sentences run consecutively to a Category I sentence. The result was a total sentence of seven to thirty years' imprisonment, with a RRRI[2] minimum sentence of seventy months. **Id.** at 45.

Appellant, through plea counsel, filed a post-sentence motion challenging the discretionary aspects of the thirty-year total maximum sentence imposed by the trial court.[3] Appellant's Mot. to Modify Sentence at ¶ 3. The trial court denied the post-sentence motion on September 29, 2011. One day later, the trial court received Appellant's *pro se* post-sentence motion seeking modification of his minimum sentence. **See** Appellant's *Pro Se* Mot. to Modify Sentence, 9/28/11.[4] The *pro se* motion

---

[2] **See** 42 Pa.C.S. §§ 4501-4512 (relating to "Recidivism Risk Reduction Incentive").

[3] The counseled motion did not challenge the seven-year total minimum sentence. Appellant's Mot. to Modify Sentence, 9/26/11, at ¶ 2(f).

[4] Appellant's *pro se* post-sentence motion included a postage stamp dated September 28, 2011.

was filed in the record, and the trial court took no further action on the correspondence.[5] **See** Pa.R.Crim.P. 576(A)(4).

Appellant, with the assistance of new counsel from the Office of the Public Defender, took an appeal to this Court in CR-4299-2010, but not in CR-2689-2011. He again challenged the discretionary aspect of the total maximum sentence imposed. On July 25, 2012, this Court affirmed the judgment of sentence, holding Appellant's sentencing claim did not raise a substantial question. **Commonwealth v. Saylor**, 2721 EDA 2011 (unpublished memorandum at 3) (Pa. Super. July 25, 2012). Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

On August 27, 2013, the PCRA court received Appellant's *pro se* PCRA petition, which gives rise to this appeal. The court appointed PCRA counsel, who, in turn, sought to withdraw and filed a **Turner**/**Finley**[6] letter asserting Appellant's *pro se* petition appeared timely, but failed to raise meritorious claims. The court concluded Appellant's petition was timely filed as to CR-4299-2010 based on the "prisoner mailbox" rule.[7] The court denied PCRA

---

[5] It is unclear whether plea counsel received a copy of Appellant's *pro se* filing.

[6] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[7] **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (discussing "prisoner mailbox rule"). The PCRA court, however, concluded Appellant's PCRA petition was not timely filed as to the conviction in CR-2689-2011,

counsel's request to withdraw and, on January 28, 2014, convened an evidentiary hearing at which plea counsel and Appellant testified. Following the hearing, the PCRA court denied relief on March 25, 2014. Appellant timely appealed and complied with the PCRA court's order to file a Pa.R.A.P. 1295(b) statement.

Appellant presents the following question for our review: "Whether the PCRA court erred in failing to find that guilty plea counsel's deficient stewardship resulted in a manifest injustice by facilitating entry of an unknowing, involuntary or unintelligent plea?" Appellant's Brief at 6. Appellant contends plea counsel led him to believe the trial court would impose a total minimum sentence no greater than six years based on a PRS of two. *Id.* at 12. No relief is due.

The following principles govern our review:

> "Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." We will not disturb the PCRA court's findings unless the record fails to support those findings.

> "A criminal defendant has the right to effective counsel during a plea process as well as during trial." "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty."

because Appellant did not take a direct appeal under that docket number. PCRA Ct. Order, 10/31/13, at 1-2.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."

In order for [the petitioner] to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [The petitioner] must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

*Commonwealth v. Rathfon*, 899 A.2d 365, 368-69 (Pa. Super. 2006) (citations omitted).

"Allegations in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (citation and quotation marks omitted); *accord Commonwealth v. Warren*, 84 A.3d 1092, 1096 (Pa. Super. 2014) (reiterating "if a defendant enters an open guilty plea and justifiably believes that the maximum sentence is less than what he could receive by law, he

may not be permitted to withdraw the plea unless he receives a sentence greater than what he was told"). "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Rathfon**, 899 A.2d at 369-70 (citation and quotation marks omitted).

Our review of the record reveals ample support for the PCRA court's findings that plea counsel apprised Appellant his PRS could be higher than two and the standard range minimum sentence could increase. **See** N.T., 1/28/14, at 14, 17-18, 20, 26. The record also supports the PCRA court's determination Appellant was aware that the sentences would be in the standard range, but further investigation was needed to determine his PRS and the applicable standard range guideline. N.T., 7/20/11, at 6. Moreover, there was no agreement upon a specific minimum sentence, and Appellant conceded that no additional promises had been made to him by counsel. **See** N.T., 1/28/14, at 20, 27. Therefore, Appellant did not establish arguable merit to his claim that plea counsel misrepresented his PRS or the nature of the plea agreement. **Cf. Rathfon**, 899 A.2d at 368-69.

Additionally, we have no basis to disturb the PCRA court's conclusion that Appellant did not establish prejudice. It is undisputed that plea counsel informed Appellant his PRS was three before sentencing. N.T., 1/28/14, 32-33. Appellant did not seek withdrawal of his plea before sentencing and only sought modification of the sentence imposed by the trial court after

sentencing. *Id.* at 33. Appellant denied being innocent of the charges. *Id.* at 28. Under the totality of these circumstances, we agree with the PCRA court that Appellant's dissatisfaction with his sentence failed to evince the entry of an involuntary or unknowing plea. *See Warren*, 84 A.3d at 1096-97; *Moser*, 921 A.2d at 531. Moreover, we find no support for Appellant's averment that he would have proceeded to trial were it not for the alleged misunderstanding over his PRS and the one-half year increase in the standard range applicable to each Category. *Cf. Rathfon*, 899 A.2d at 369-70. Thus, no relief is due.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015