J-S46005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
          v.                        :
                                    :
                                    :
ANTHONY BRIDGEFORD           :
                                    :
            Appellant          :   No. 1253 EDA 2017

Appeal from the PCRA Order April 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0700091-2004,
CP-51-CR-0700121-2004, CP-51-CR-0700131-2004,
CP-51-CR-0700141-2004, CP-51-CR-0904161-2003

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:              **FILED NOVEMBER 16, 2018**

Anthony Bridgeford appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

At the five above-referenced docket numbers, Appellant entered open guilty pleas to eleven counts of robbery, two counts of conspiracy, and one count of aggravated assault. On July 5, 2005, Appellant was sentenced to an aggregate term of forty to eighty years imprisonment. This Court affirmed the judgment of sentence and our Supreme Court denied Appellant's *nunc pro tunc* petition for allowance of appeal. ***Commonwealth v. Bridgeford***, 943 A.2d 308 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 20 A.3d 483 (Pa. 2011).

Appellant filed the instant, timely PCRA petition on June 23, 2011, and, through counsel, an amended petition on April 8, 2015. The amended petition

alleged claims of ineffective assistance of counsel concerning the sufficiency of his guilty plea colloquy and direct appeal counsel's failure to order a transcript, as well a as a challenge to the legality of his sentence, which included mandatory minimums. Amended PCRA Petition, 4/8/15, at 14-24, 28. On April 6, 2017, the PCRA court granted his petition in part, resentencing him to an aggregate term of thirty-five to seventy years imprisonment. The court declined to award relief on the other claims and denied the petition.

Appellant filed a timely notice of appeal, and requested in this Court to proceed *pro se*. This Court remanded for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). The PCRA court conducted the hearing, determined that Appellant was making a knowing and voluntary decision to waive his right to counsel, and permitted counsel to withdraw. Appellant thereafter filed a *pro se* statement of errors complained of on appeal, and *pro se* brief in this Court.

Appellant presents the following issues for our review.

1. The PCRA court erred, when it dismissed [Appellant's] counseled amended [PCRA] petition, which requested relief in the form of allowing him to withdraw his open guilty plea, which was not entered knowingly, intelligently and voluntarily, due to ineffective assistance of counsel, during and after the open colloquy conducted by the trial court.

2. Appellate counsel was ineffective for failing to adhere to the Rule of Appellate procedure by not requesting production of the September 29, 2004 guilty plea colloquy transcripts.

Appellant's brief at 3 (unnecessary capitalization omitted).

- 2 -

We begin with a discussion of the law applicable to Appellant's claims, both of which allege ineffective assistance of counsel. Counsel is presumed to be effective. *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Id*.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Pier*, 182 A.3d 476, 478-79 (Pa.Super. 2018) (quoting *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007)) (footnote omitted). To establish the prejudice prong of the test, a PCRA petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (citation and internal quotation marks omitted).

With his first issue, Appellant maintains that plea counsel was ineffective in failing to object to the deficiencies in the oral guilty plea colloquy that was

conducted for case 0904161-2003 on March 18, 2004, as well as with the accompanying written colloquy. Appellant's brief at 9-16. Specifically, Appellant argues that the oral colloquy did not sufficiently comply with Pa.R.Crim.P. 590,[1] and that the written plea colloquy did not remedy the omissions. For example, Appellant suggests that the court did not question him on the record about whether he understood the presumption of innocence, the maximum allowable sentence, or that the trial court was not bound to follow any sentencing agreement reached by the parties. *Id*. at 15. Further, Appellant notes that the written colloquy contained incorrect information about the maximum possible sentence he faced, as "someone changed 60 years to 80 years," but it is unknown when or by whom the change was made. *Id*. at 16. Accordingly, Appellant asserts that his plea was not knowing and voluntary, and he should be permitted to withdraw it.

_____

[1]     [Rule 590] mandate[s] that pleas be taken in open court, and require[s] the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa.Super. 2016) (citations omitted).

Neither in his brief nor in his PCRA petition did Appellant claim that, had counsel ensured that Appellant had the full and correct information, Appellant would have declined to plead guilty and instead would have insisted upon going to trial. As such, Appellant failed to plead the prejudice required to merit PCRA relief, and the PCRA court properly denied the claim.[2] ***See Barndt***, ***supra*** at 192.

With his second issue, Appellant contends that his direct appeal counsel was ineffective in failing to order the transcript for the September 29, 2004 oral colloquy covering the other four cases at issue. Appellant complains that,

_____

[2] In any event, the written plea colloquy, which was reviewed by Appellant prior to the oral colloquy, referenced at the outset of the oral colloquy, and signed by Appellant following the oral colloquy, clearly states that Appellant was presumed to be innocent and provides that there is no agreement as to the sentence. Written Guilty Plea Colloquy, 3/18/04, at 1. Omissions from the oral colloquy will not invalidate a plea if it is apparent from the totality of the circumstances, including consideration of the written colloquy, that the plea was knowing and voluntary. ***See***, ***e.g.***, ***Commonwealth v. Morrison***, 878 A.2d 102, 108-09 (Pa.Super. 2005) (*en banc*).

Furthermore, although the written colloquy does appear to have initially indicated that Appellant faced a maximum term of sixty years imprisonment, but was altered to specify eighty years, the sentence Appellant received as a result of his open guilty plea (ten to twenty years for two counts of robbery, with no further penalty for aggravated assault and criminal conspiracy) was well below both the sixty and eighty years stated in the written colloquy. As such, the error would not have warranted withdrawal of the plea. ***See***, ***e.g.***, ***Commonwealth v. Warren***, 84 A.3d 1092, 1097 (Pa.Super. 2014) ("The maximum sentence did not exceed what Warren had been told was the possible maximum sentence. Warren cannot, therefore, establish a manifest injustice so as to permit the withdrawal of his guilty plea after sentencing.").

because the transcript now cannot be produced,[3] counsel's ineffectiveness means "we will never know how [the trial court] conducted the September 29, 2004 plea colloquy and whether it adhered to constitutional standards." *Id*. at 19. Appellant further notes that the written colloquy for the four 2004 cases is deficient in the same ways as the first one, pointing to errors such as the maximum aggregate sentence he faced (three hundred years rather than two hundred years), and alterations to the number of robberies at issue and the maximum fines Appellant faced ($500,000 is written over a different, now unintelligible number). *Id*. at 20-22. Appellant claims that counsel had no reasonable basis for failing to order the transcript, and that he "sustained extreme prejudice as he was denied appellate review of potentially meritorious claims entitling him to relief." *Id*. at 22.

We are not persuaded that the PCRA court erred in denying Appellant's second claim for relief. Appellant has not demonstrated that the absence of the September 29, 2004 guilty plea colloquy transcript had any impact upon his direct appeal. Therein, Appellant challenged only the discretionary aspects of his sentence, and this Court held that he failed to raise a substantial question that warranted review because Appellant was not entitled to a volume discount in the form of concurrent sentences. *Bridgeford*, *supra*

---

[3] An April 4, 2013 letter from the office of the Philadelphia Court Reporter indicates that the notes of testimony for September 29, 2004, were never transcribed, were not in their database, and the paper notes are only kept for seven years. *See* Amended PCRA Petition, 4/8/15, at Exhibit 1.

(unpublished memorandum at 4-5). As such, Appellant's assertion that his appeal was "meaningless" because counsel "did not provide the Superior Court with all the necessary facts" is incongruous. The transcript of the plea colloquy was not relevant to this Court's analysis of the claim raised on appeal.

To the extent that Appellant's second issue could be interpreted as asserting that direct appeal counsel's ineffectiveness consisted of both his failure to challenge the guilty plea and to obtain the transcript, which is not a claim Appellant expressly stated in his petition or argued in his brief, it fails for the same reasons as his first claim. Appellant nowhere avows that he would have gone to trial rather than plead guilty had counsel performed differently regarding the plea colloquies. Further, the record confirms that Appellant's aggregate sentence for the four 2004 cases (thirty to sixty years imprisonment consisting of consecutive terms of five to ten years each for the six robberies at issue) was well below either of the written colloquy's indications of what maximum sentence he faced. Accordingly, Appellant has failed to convince us that he has suffered prejudice as a result of counsel's performance.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/18