J-S78044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
LAMONT ZAMICHIELI :
:
Appellant : No. 850 EDA 2018

Appeal from the PCRA Order March 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012660-2014

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 19, 2019**

Appellant Lamont Zamichieli appeals from the order of the Court of Common Pleas of Philadelphia County that dismissed his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant claims trial counsel was ineffective in causing Appellant to enter an involuntary and unknowing guilty plea.  After careful review, we affirm.

On January 23, 2015, Appellant pled guilty to Escape as a third-degree felony.  Appellant's remaining charges (Theft, Receiving Stolen Property, and Recklessly Endangering Another Person) were *nolle prossed*.   Appellant completed a written plea colloquy and engaged in an oral colloquy at his plea hearing.  Thereafter, the lower court accepted Appellant's plea and sentenced him to 2½ to 5 years' imprisonment.

On February 2, 2015, despite the fact that Appellant was represented by counsel, Appellant filed a *pro se* motion to withdraw his guilty plea.  While

_____

* Former Justice specially assigned to the Superior Court.

this *pro se* motion was docketed, it appears that it was not forwarded to the trial court or to Appellant's counsel. On March 31, 2015, Appellant filed a *pro se* notice of appeal. On May 11, 2015, this Court quashed the appeal as interlocutory in light of the pending post-sentence motion. Appellant's post-sentence motion was denied by operation of law.

On July 27, 2015, Appellant filed a *pro se* PCRA petition.[1] The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf on June 28, 2017, arguing that trial counsel was ineffective in failing to file a motion to withdraw Appellant's guilty plea. On January 26, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 16, 2018, the PCRA court dismissed Appellant's petition. This timely counseled appeal followed.[2]

Appellant raises one issue for our review on appeal, arguing that the PCRA court "erred in not granting relief on the PCRA petition alleging Counsel was ineffective for causing the Appellant to enter an involuntary or unknowing plea." Appellant's Brief, at 8. Our standard of review is as follows:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

---

[1] Appellant's PCRA petition was timely filed within one year of the date the judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(1).

[2] Appellant attempted to file a *pro se* response to the PCRA court's Rule 907 notice, but this filing was not docketed until March 23, 2018, which was after counsel filed the notice of appeal to this Court.

*Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted).

To be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one of the enumerated circumstances found in 42 Pa.C.S.A. § 9543(a)(2). One of these circumstances includes the "ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

In reviewing a claim of the ineffectiveness of counsel, we are guided by the following principles:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

***Commonwealth v. Johnson***, 179 A.3d 1105, 1114 (Pa.Super. 2018) (quoting ***Commonwealth v. Natividad***, 595 Pa. 188, 207–208, 938 A.2d 310, 321 (2007)).

In arguing that trial counsel caused him to enter an involuntary and knowing plea, Appellant suggests that counsel was ineffective in failing to file a motion to withdraw his guilty plea. We first determine whether Appellant's ineffectiveness claim has arguable merit. "It is well established that when a defendant seeks to withdraw a guilty plea after sentencing, a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." ***Commonwealth v. Warren***, 84 A.3d 1092, 1096 (Pa.Super. 2014) (internal quotation marks and citation omitted).

> [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa.Super. 2014) (internal citations and quotation marks omitted).

- 4 -

In this case, while Appellant baldly alleges that trial counsel coerced him into pleading guilty, he does not explain how he was induced into entering a plea. Further, the record belies Appellant's assertion that he entered an involuntary and unknowing guilty plea. Appellant signed a plea colloquy acknowledging that he understood the nature of the charges to which he was pleading guilty, the factual basis of his plea, the rights he was giving up by pleading guilty, the permissible range of sentences for the charged offenses, and the fact that the prosecutor agreed to *nolle prosse* the remaining charges in exchange for Appellant's plea. The written colloquy also shows Appellant recognized that he was entering an open plea, the judge was not bound by any agreement, and that no one promised him anything in exchange for his plea. Appellant signed and initialed the colloquy several times, including next to the statement that he "knowingly, voluntarily and intelligently ma[d]e this plea of guilty." Plea Colloquy, 1/23/15, at 1.

Moreover, the lower court also conducted a thorough oral colloquy with Appellant on the record to ensure that Appellant understood all of the aforementioned points. N.T. Guilty Plea Hr'g, 1/23/15, at 4-26. Thereafter, Appellant again confirmed that he wished to proceed with the entry of his plea. It is well-established that "[a] defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017). Accordingly, there is no support in the record for Appellant's claim that his counsel coerced Appellant into entering a plea or that counsel caused Appellant to enter an involuntary or unknowing plea.

For the foregoing reasons, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/19