J-S83041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAZEEK CARWHEEL | : | |
| | : | |
| Appellant | : | No. 3662 EDA 2016 |

Appeal from the PCRA Order October 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012022-2007

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED FEBRUARY 09, 2018**

Appellant, Razeek Carwheel, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 19, 2009, a jury convicted Appellant *in absentia* of possession with the intent to distribute ("PWID") and criminal conspiracy to commit PWID.  The court sentenced Appellant *in absentia* on October 2, 2009, to an aggregate term of 10-20 years' incarceration. Appellant sought no direct review.  So, the judgment of sentence became final on November 1, 2009.  On September 6, 2012, Appellant filed his first PCRA petition, which was ultimately unsuccessful.

Appellant filed his second, current *pro se* PCRA petition on March 27, 2015, and an amended second *pro se* PCRA petition on July 20, 2015.  On

July 12, 2016, the PCRA court issued Rule 907 notice; Appellant filed a *pro se* response on August 12, 2016. On October 19, 2016, the PCRA court denied Appellant's PCRA petition. Appellant timely filed a *pro se* notice of appeal on November 14, 2016. The PCRA court did not order a Rule 1925(b) statement, and Appellant filed none.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). To assert the newly created constitutional right exception per Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Under the Section 9545(b)(1)(iii)

exception, the 60-day rule runs from the filing date of the cited decision. ***Commonwealth v. Secreti***, 134 A.3d 77, 80 (Pa.Super. 2016).

Instantly, Appellant's judgment of sentence became final on November 1, 2009, upon expiration of the 30-day period for filing a direct appeal. ***See*** Pa.R.A.P. 903(a). Appellant filed the current *pro se* PCRA petition on March 27, 2015, which is patently untimely. Appellant attempts to invoke the "new constitutional right" exception citing: ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); ***Commonwealth v. Hopkins***, 632 Pa. 36, 117 A.3d 247, (2015); ***Commonwealth v. Warren***, 84 A.3d 1092 (Pa.Super. 2014); and ***Commonwealth v. Munday***, 78 A.3d 661 (Pa.Super. 2013).[1] The cases Appellant cites, however, do not serve as exceptions to the PCRA time-bar under these circumstances. ***See Commonwealth v. Washington***, 636 Pa. 301, 142 A.3d 810 (2016) (holding new constitutional rule announced in ***Alleyne*** is not substantive or watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum sentences, where judgment of sentence

---

[1] Appellant cites the following cases for the first time in his brief on appeal: ***Welch v. United States***, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016); ***Johnson v. United States***, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015); and ***Commonwealth v. Barnes***, 637 Pa. 493, 151 A.3d 121 (2016). To the extent Appellant attempts to rely upon these cases to satisfy the "new constitutional right" exception to the PCRA time-bar, Appellant's argument is waived. ***See*** Pa.R.A.P. 302(a) (stating: "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal").

became final before **Alleyne** was decided); **Commonwealth v. Whitehawk**, 146 A.3d 266 (Pa.Super. 2016) (holding **Hopkins** did not announce new constitutional rule, and even if it had, neither United States Supreme Court nor Pennsylvania Supreme Court has held **Hopkins** applies retroactively on collateral review); 42 Pa.C.S.A. § 9545(b)(1)(iii) (providing new constitutional right must be recognized by Supreme Court of United States or Supreme Court of Pennsylvania).  Additionally, Appellant failed to file his current petition within 60 days of **Alleyne**, decided on June 17, 2013, **Warren**, decided on January 29, 2014, and **Munday**, decided on October 10, 2013.  **See Secreti, supra**; 42 Pa.C.S.A. § 9545(b)(2), **supra**.  Therefore, Appellant's petition remains time-barred, the PCRA court lacked jurisdiction to review it on the merits, and the court properly dismissed it as untimely.  **See Zeigler, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/18

- 4 -