J-S28023-23

2023 PA Super 192

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CHRISTIAN ALEXANDER LOWE | : | |
| Appellant | : | No. 868 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 1, 2022
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001885-2020,
CP-63-CR-0002772-2019

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

OPINION BY OLSON, J.:                                    **FILED: September 29, 2023**

Appellant, Christian Alexander Lowe, appeals from the judgment of sentence entered on July 1, 2022.  We vacate Appellant's judgment of sentence and remand for resentencing.

On January 19, 2022, Appellant entered an open guilty plea to the following crimes:  1) at docket number CP-63-CR-0002772-2019 (hereinafter "Docket Number 2772-19"), possession of a controlled substance with the intent to deliver ("PWID"), possession of a controlled substance (cocaine), and possession of a controlled substance (MDMA)[1] and 2) at docket number CP-63-CR-0001885-2020  (hereinafter  "Docket  Number  1185-20"),  PWID (cocaine), possession of a controlled substance (cocaine), and possession of

---

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and (16), respectively.

drug paraphernalia.[2]  On April 22, 2022, the trial court sentenced Appellant to serve an aggregate term of 87 to 178 months in prison.  N.T. Sentencing, 4/22/22, at 49-50.  As the trial court explained, it sentenced Appellant as follows:

> At [Docket Number 2772-19,] on Count 1 – [PWID, Appellant] was sentenced to [27 to 54 months in prison]. Count 2 – possession of cocaine merged with Count 1 and no penalty was assessed.  For the charge of possession of MDMA, Count 3, [Appellant] was sentenced to [six to 16 months in prison] to run consecutively to Count 1.  . . .
>
> At [Docket Number 1885-20,] on Count 1 – [PWID, Appellant] was sentenced to [54 to 108 months in prison, to run consecutively to Docket Number 2772-19].  At Count 2 – possession of a controlled substance cocaine, [Appellant] was sentenced to [12 to 32 months in prison, to run concurrently to] Count 1.  Finally, at Count 3 – possession of drug paraphernalia, [Appellant] was sentenced to [six to 12 months in prison,] also running concurrently with Counts 1 and 2.

Trial Court Opinion, 10/5/22, at 1-2.  At sentencing, the parties stipulated that Appellant's prior convictions rendered him ineligible to participate in Pennsylvania's Recidivism Risk Reduction Incentive ("RRRI") program.  N.T. Sentencing, 4/22/22, at 28-29.

Appellant filed a timely post-sentence motion, where he claimed that his aggregate sentence was manifestly excessive.  *See* Appellant's Post-Sentence Motion, 5/2/22, at 1-2.  On July 1, 2022, the trial court granted, in part, and denied, in part, Appellant's post-sentence motion.  In  particular, the trial

_____

[2] 35 P.S. §§ 780-113(a)(30), (16), and (32), respectively.

court amended its sentence at both docket numbers to declare that Appellant "shall be eligible for early parole after serving [60] months." Amended Sentencing Order, 7/1/22, at 1-2 (emphasis omitted). Appellant filed timely notices of appeal and, on appeal, Appellant challenges the discretionary aspects of his sentence. *See* Appellant's Brief at 9. We conclude that Appellant's sentence is illegal. Therefore, we must vacate Appellant's judgment of sentence and remand for resentencing.

"[C]hallenges to an illegal sentence can never be waived and may be raised *sua sponte* by this Court." *Commonwealth v. Simmons*, 262 A.3d 512, 515 n.3 (Pa. Super. 2021) (*en banc*) (quotation marks and citations omitted). Generally, "an illegal sentence [is] one that was imposed without authority." *Commonwealth v. Prinkey*, 277 A.3d 554, 561-564 (Pa. 2022) ("the inquiry is whether, assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue. If so, then the appellant's challenge implicates the legality of his sentence. Conversely, if the challenge is not to the existence of certain authority but to the exercise of that authority, then the challenge goes to the discretionary aspects of a sentence, not to its legality") (footnote omitted); *see also Commonwealth v. Barnes*, 151 A.3d 121, 127 (Pa. 2016). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019).

As explained above, the trial court originally sentenced Appellant to serve an aggregate term of 87 to 178 months in prison for his convictions. Appellant then filed a post-sentence motion, where he claimed that his aggregate sentence was manifestly excessive. On July 1, 2022, the trial court granted, in part, and denied, in part, Appellant's post-sentence motion. Specifically, the trial court amended its sentence to declare that Appellant "shall be eligible for early parole after serving [60] months." The trial court's amended sentencing order reads, in relevant part:

> [Appellant's] aggregate sentence is to be confined to a State Correctional Institution for a period of no less than [87] months to no more than [178 months]. . . . **[Appellant] shall be eligible for early parole after serving [60] months.** All other provisions of the April [22,] 2022 sentencing order are hereby reimposed.

Amended Sentencing Order, 7/1/22, at 2 (emphasis in original).

The above sentence is illegal, as the trial court lacked statutory authority to declare that Appellant was eligible for parole after serving only 60 months of his 87-month minimum sentence.

42 Pa.C.S.A. § 9756 provides, in part:

> **(b) Minimum sentence.--**
>
> (1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.
>
> (2) The minimum sentence imposed under this section may not be reduced through parole prior to the expiration of the minimum sentence unless otherwise authorized by this section or other law.

(3) Except where the maximum sentence imposed is two years or more, and except where a mandatory minimum sentence of imprisonment or total confinement is required by law, the court shall, at the time of sentencing, state whether or not the defendant is eligible to participate in a reentry plan at any time prior to the expiration of the minimum sentence or at the expiration of a specified portion of the minimum sentence. For maximum sentences of less than two years as defined under section 9762(f) (relating to sentencing proceeding; place of confinement), a court may parole a defendant prior to the expiration of the minimum sentence only if the defendant was made eligible to participate in a reentry plan at the time of sentencing. The court shall provide at least ten days' written notice and an opportunity to be heard, pursuant to section 9776 (relating to judicial power to release inmates), to the prosecuting attorney before granting parole pursuant to this subsection. The reentry plan eligibility shall be considered a part of the sentence and subject to the requirements relating to the entry, recording and reporting of sentences.

**(b.1) Recidivism risk reduction incentive minimum sentence.--**The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S.A. § 9756.

Thus, unless otherwise allowed, a defendant's minimum sentence of confinement "may not be reduced through parole prior to the expiration of the minimum sentence."  42 Pa.C.S.A. § 9756(b)(2).  Here, Appellant's maximum sentence was "two years or more" and Appellant was not RRRI eligible.  ***See***

42 Pa.C.S.A. § 9756(b)(3) and (b.1). Therefore, the exceptions to the general rule do not apply to Appellant's case and the trial court simply lacked statutory authority to declare that Appellant was eligible for parole "prior to the expiration of [Appellant's] minimum sentence."[3] 42 Pa.C.S.A. § 9756(b)(2). Appellant's sentence is thus illegal.

From all appearances, when the trial court entered its amended sentencing order and declared that Appellant "shall be eligible for early parole after serving [60] months," the trial court was attempting to implicitly reduce Appellant's minimum sentencing term, without expressly doing so. **See**

***Martin v. Pa. Bd. of Probation and Parole***, 840 A.2d 299, 302 (Pa. 2003)

_____

[3] Judge Kunselman wrote a concurrence in **Simmons**, where she succinctly explained:

> For confinement, a maximum term of five years or more, shall be served in a state prison; a maximum term of two but less than five years, may be served in either the state prison or the county jail, and a maximum of less than two years shall be served in county jail. 42 Pa.C.S.A. § 9762(b). If confinement is served in a state prison, then the State Board of Probation and Parole has the exclusive authority to determine if, and when, the inmate may be granted parole. 61 Pa.C.S.A. § 6132. For these inmates, the trial court may give only a recommendation regarding parole to the State Parole Board. [61 Pa.C.S.A.] § 6134(b). If the sentence is served in county jail, however, the trial court has the authority to determine if, and when, the inmate may be granted parole. [61 Pa.C.S.A.] § 6134.1; 42 Pa.C.S.A § 9775; ***Commonwealth v. McDermott***, 547 A.2d 1236 (Pa. Super. 1988) (common pleas court retains authority to grant and revoke parole for offender sentenced to maximum term of imprisonment of less than two years).

**Simmons**, 262 A.3d at 529 (Kunselman, J. concurring) (footnotes omitted).

("the maximum term [of confinement] represents the sentence imposed for a criminal offense, with the minimum term merely setting the date after which a prisoner may be paroled"). Since we have held that this particular component of Appellant's sentence is illegal, our disposition has potentially altered the trial court's sentencing scheme. Therefore, we must vacate Appellant's entire judgment of sentence and remand for resentencing.[4, 5, 6]

_____

[4] Given our disposition, Appellant's discretionary aspects of sentencing claim is moot.

[5] Appellant's sentence also appears to be illegal because, at Docket Number 1885-20, the trial court failed to merge Appellant's conviction for simple possession of cocaine with Appellant's conviction for PWID. **See** Affidavit of Probable Cause at Docket Number 1885-20, dated 10/14/20, at 1 (declaring that one plastic baggie of cocaine formed the basis for all charges at Docket Number 1885-20); **see also** Commonwealth's Information, 11/13/20, at 1.

[6] Since we are remanding for resentencing, we also note that the trial court apparently believed it was sentencing Appellant in the standard guideline range when it sentenced Appellant, at Docket Number 1885-20, to a term of 54 to 108 months in prison for PWID. **See** N.T. Sentencing, 4/22/22, at 49. Seemingly, the trial court arrived at this belief by observing that Appellant's "basic standard range" for PWID was 27 to 33 months in prison – but that application of 35 P.S. § 780-115 doubled the standard range and created a "new standard guideline range" of 54 to 66 months in prison. **See id.** at 10. This was also a mistake.

35 P.S. § 780-115 declares:

> Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

*(Footnote Continued Next Page)*

35 P.S. § 780-115(a).

Section 780-115 "doubles the statutory maximum penalty upon proof of a prior conviction for" PWID. ***Commonwealth v. Aponte***, 855 A.2d 800, 802 (Pa. 2004). The Section, however, **does not alter the guideline ranges**, so that a standard guideline range of 27 to 33 months in prison may become a "new" standard range of 54 to 66 months upon application of Section 780-115. Indeed, in ***Commonwealth v. Warren***, 84 A.3d 1092 (Pa. Super. 2014), we explained that – while a trial court is, within its discretion, free to use Section 780-115 "to double the standard guideline sentence . . . to arrive at [a defendant's] minimum sentenc[ing term]" – the application of Section 780-115 does not affect the sentencing guideline ranges. ***Warren***, 84 A.3d at 1094 and 1096-1097.

In ***Warren***, Warren pleaded guilty to PWID, which had a standard range sentence of 21-27 months. ***Id.*** at 1094. The trial court then sentenced Warren to serve a term of 54 to 120 months in prison. "In doing so, [the trial court] employed [Section 780–115] and doubled the high end of the standard-range sentence (27 months) to arrive at the minimum sentence" of 54 months in prison. ***Id.*** On appeal, we held that the trial court was free, within reason, to use Section 780-115 and "double the standard guideline sentence (27 months) to arrive at [Warren's] minimum sentence (54 months)." ***Id.*** at 1094-1095. We, however, held that Section 780-115 did not alter the sentencing guideline ranges and that the trial court erred at sentencing, in that it mistakenly believed that it was sentencing Warren to a standard range sentence – when, in actuality, it was sentencing Warren **outside** of the guidelines. We explained:

> the Sentencing Guideline Form in this case indicated a mitigated sentence of 15 months, standard sentence range of 21–27 months, and an aggravated sentence of 33 months. As Warren was sentenced to 54–120 months of incarceration, he was sentenced beyond the guideline ranges, and so the trial court was required to state its reasons for deviating from the guidelines on the record. When imposing this sentence, the trial court set forth the terms of Warren's sentence and then stated only the following: "Reasons for sentence, the defendant's relevant prior criminal record. The sentence is within the sentencing guidelines and any lesser of a sentence would depreciate the serious nature of the defendant's actions." These remarks by the trial court do not evince an awareness of the sentencing guidelines or explain the

*(Footnote Continued Next Page)*

*See Commonwealth v. Deshong*, 850 A.2d 712, 714 (Pa. Super. 2004) ("[w]hen a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated and the matter remanded for resentencing").

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2023

---

trial court's decision to deviate therefrom, as was required. It appears that the trial court was under the impression that it sentenced Warren within the sentencing guidelines; this would explain why it did not state the factual basis and reasons for deviation from the guidelines. . . . For this reason, we must vacate the judgment of sentence and remand for resentencing.

*Id.* at 1097-1098 (citations omitted).