J-S40041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT MERRITT | : | |
| | : | |
| Appellant | : | No. 774 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 20, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000237-2021

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED MAY 28, 2024**

Appellant, Robert Merritt, appeals from the aggregate judgment of sentence of 30 to 89 days' incarceration imposed after he pled guilty to Driving Under the Influence of Alcohol (DUI)[1] – Second Offense.  Appellant's appellate counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.  After careful review, we grant counsel's petition to withdraw and affirm.

Appellant was charged with DUI - Second Offense and other Vehicle Code offenses for an incident that occurred on May 17, 2020 in which he drove

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

his car while under the influence of alcohol, hit a gas station building with his car, and walked away from the accident scene. N.T. Guilty Plea at 40-41.

On February 28, 2023, at a status conference, Appellant, who requested to represent himself and was permitted to do so, asserted that the trial judge was required to recuse himself because he had recused himself in a civil case to which Appellant was a party. N.T. Guilty Plea at 3, 10-11. The trial judge recessed the hearing to check the docket of the case in question and after checking the docket, advised Appellant that he had not recused himself in that case and that the case was reassigned to another judge because he was transferred from the civil division to the criminal division of the court. *Id.* at 11-13. Appellant then advised the trial court that he wanted to negotiate a plea deal and proceeded to negotiate a plea agreement with the prosecutor. *Id.* at 13-33. During these discussions, Appellant raised an additional case in which he claimed that the judge had recused himself and the judge indicated that he would check the docket. *Id.* at 13-14, 22-23. Following the negotiation of the plea, the trial court conducted a plea colloquy, and Appellant entered a plea of guilty to DUI – Second Offense subject to Section 3804(b) of the Vehicle Code, pursuant to a plea agreement providing that he would receive a sentence of 30 days' incarceration to no more than 6 months' incarceration and a fine in an amount between $750 and $5,000. *Id.* at 26-28, 31-42. After accepting Appellant's plea, the trial court dismissed Appellant's recusal motion as moot with Appellant's consent. *Id.* at 45-46.

On March 13, 2023, the trial court sentenced Appellant in accordance with the plea agreement to 30 days' to 6 months' incarceration, a fine of $750, and an Emergency Medical Services (EMS) fine of $10. N.T. Sentencing at 7-8; Sentencing Order. At the sentencing hearing, the trial judge advised Appellant that he had confirmed that he had not recused himself in any of the cases that Appellant raised. N.T. Sentencing at 2-3. Appellant made no motion to withdraw his plea at or before the sentencing hearing and did not file any post sentence motion. On March 20, 2023, the trial court amended Appellant's sentence to reduce his maximum sentence to 89 days. Amended Sentencing Order. Appellant timely appealed on March 22, 2023, and counsel was appointed to represent him in this appeal.

On June 15, 2023, appellate counsel filed an *Anders* brief and petition to withdraw as counsel. In his *Anders* brief, appellate counsel raises the issue of whether Appellant is entitled to set aside his conviction and sentence on the ground that the trial court erred in failing to recuse itself and concludes that this issue is meritless. *Anders* Brief at 5-6. Appellant has not filed any response to counsel's petition to withdraw or *Anders* brief. The Commonwealth filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en*

*banc*); **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Commonwealth v. Tukhi**, 149 A.3d 881, 885-86 (Pa. Super. 2016); **Goodwin**, 928 A.2d at 290. An **Anders** brief must comply with all the following requirements:

> [T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); **see also Dempster**, 187 A.3d at 270. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271; **Commonwealth v. Zeigler**, 112 A.3d 656, 659-60 (Pa. Super. 2015).

Appellate counsel states in his petition to withdraw that he has reviewed the entire record and determined that there are no non-frivolous grounds for the appeal. Appellate counsel's June 15, 2023 letter to Appellant provided a copy of the **Anders** brief to Appellant and advised him of his right either to retain new counsel or to proceed *pro se* on appeal and to raise any points he deems worthy of this Court's attention. Appellate counsel's **Anders** brief provides a procedural and factual summary of the case and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus complied with the procedural requirements for withdrawal as counsel.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. This Court first considers the issues raised by counsel in the **Anders** brief and determines whether they are in fact frivolous. **Dempster**, 187 A.3d at 272. In addition, if the Court finds those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196-97 (Pa. Super. 2018) (*en banc*); **Dempster**, 187 A.3d at 271-72.

Because Appellant entered a guilty plea under a plea agreement that provides for a negotiated sentence and was sentenced in accordance with that agreement, he can challenge his conviction and sentence only on the grounds that the trial court lacked jurisdiction, that the plea was not voluntary and

knowing, or that the sentence imposed was illegal. *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017); *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468 (Pa. Super. 2017); *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013). Such a guilty plea "amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Morrison*, 173 A.3d at 290.

Whether the trial judge should have recused himself neither involves a jurisdictional defect nor an issue of legality of sentence. Subject matter jurisdiction relates to the competency of the court, the Court of Common Pleas of Lehigh County, to hear and decide the type of controversy presented. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 550-51, 553 (Pa. 2013); *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). The claim that a particular judge or court should not hear a case over which the court has jurisdiction is a waivable defect, not a jurisdictional defect. *Beneficial Consumer Discount Co.*, 77 A.3d at 551-53; *Commonwealth v. Fletcher*, 307 A.3d 742, 748 (Pa. Super. 2023) (claim that judge erred in not recusing herself rejected on ground that it was waived); *Commonwealth v. Caulk*, 220 A.3d 1102, 1111-12 (Pa. Super. 2019). The Court of Common Pleas of Lehigh County had jurisdiction here because Appellant was charged with a DUI that occurred in Lehigh County. N.T. Guilty Plea at 40-41; 42

Pa.C.S. § 931(a); *Commonwealth v. McGarry*, 172 A.3d 60, 66 (Pa. Super. 2017).

The issue on whether a sentence is illegal sentence is whether it exceeds the trial court's sentencing authority or violates constitutional requirements or restrictions governing sentencing, *Commonwealth v. Prinkey*, 277 A.3d 554, 561-68 (Pa. 2022); *Commonwealth v. Lowe*, 303 A.3d 810, 813 (Pa. Super. 2023), not which trial court judge presides over the defendant's case. Appellant's sentence of 30 to 89 days' imprisonment is well within the trial court's sentencing authority for this second DUI offense and is a legal sentence. 75 Pa.C.S. § 3803(a)(1), (b)(1) (providing that second offense DUI under Section 3802(a) of the Vehicle Code and second offense DUI under Section 3802(a)(1) with an accident that caused property damage are misdemeanors for which a sentence of no more than 6 months' imprisonment may be imposed). The $750 fine and $10 EMS fine are also a legal sentence, regardless of Appellant's ability to pay those fines. 75 Pa.C.S. § 3804(b)(2)(ii) (providing mandatory minimum fine of $750 for second offense DUI under Section 3802(a)(1) with an accident that caused property damage); 75 Pa.C.S. § 3121 (in effect February 16, 2010 to February 25, 2021) (providing mandatory EMS fine of $10); *Commonwealth v. May*, 271 A.3d 475, 481-86 (Pa. Super. 2022) (imposition of $1,000 Vehicle Code mandatory fine without determination of ability to pay was a legal sentence).

Appellant likewise cannot seek relief in this appeal on a claim that the denial of the recusal motion made his guilty plea invalid. A defendant cannot set aside a guilty plea as involuntary or unknowing on direct appeal unless he sought to withdraw his plea at or before sentencing or filed a timely post-sentence motion to withdraw the plea. *Commonwealth v. Moore*, 307 A.3d 95, 99-100 (Pa. Super. 2023); *Monjaras-Amaya*, 163 A.3d at 468-69; *Lincoln*, 72 A.3d at 609-11. Here, Appellant made no request or motion to withdraw his guilty plea prior to or at sentencing and filed no post-sentence motion. Any claim in this appeal that his guilty plea can be set aside based on the trial court's recusal denial is therefore barred as a matter of law. *Monjaras-Amaya*, 163 A.3d at 468-69; *Lincoln*, 72 A.3d at 609-11. Indeed, even if his plea did not bar his recusal argument, the recusal issue would be waived because Appellant consented to the dismissal of his recusal motion after he pled guilty. N.T. Guilty Plea at 45-46.

For the foregoing reasons, we agree with appellate counsel that the recusal issue raised by Appellant lacks any arguable merit on direct appeal from his judgment of sentence. In addition, because Appellant pled guilty, there is no lack of jurisdiction or illegal sentence, and Appellant is barred from challenging the validity of his plea on direct appeal, no additional issues of arguable merit can exist. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2024