J-A29035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| COLIN STUBBS | : | |
| Appellant | : | No. 223 WDA 2025 |

Appeal from the Judgment of Sentence Entered October 24, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at No(s):
CP-03-CR-0000674-2021

BEFORE:  OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: FEBRUARY 26, 2026**

Colin Stubbs (Appellant) appeals from the judgment of sentence imposed on October 24, 2024, arguing herein that the trial court erred by imposing a sentence for a crime with which he was neither charged nor convicted.  After careful review, we conclude that the trial court was divested of the authority to sentence Appellant for a misdemeanor offense after the court had found the evidence insufficient to support Appellant's felony conviction and granted his motion for acquittal.  Thus, we vacate Appellant's judgment of sentence and conviction, and discharge Appellant.

The trial court briefly set forth the facts of this case as follows:

As a result of a May 29, 2021 incident involving a minor alleged victim, [Appellant] was charged with various offenses.  On March 11, 2024, the Commonwealth amended its Information and charged [Appellant] with Unlawful Contact with Minor – Sexual Offenses,[1] Corruption of Minors – Defendant Age 18 and Above,[2] and Indecent Assault – Person Less than 16 Years of Age.[3]

On March 12, 2024, a jury convicted [Appellant] of the Corruption of Minors charge, a felony, and acquitted him of the other two charges. At his first sentencing hearing, [Appellant] moved for a judgment of acquittal on the Corruption of Minors charge. After reviewing briefs filed by [Appellant] and the Commonwealth, I granted [Appellant's] motion on July 23, 2024 pursuant to **Commonwealth v. Baker-Myers**, 255 A.3d 223 (Pa. 2021). However, based upon **Commonwealth v. Kelly**, 102 A.3d 1025 (Pa. Super. 2014), I found that [Appellant] was guilty of the lesser-included misdemeanor offense of Corruption of Minors[4] and sentenced him to one year of probation on October 24, 2024.

[1] 18 Pa.C.S.[] § 6318(a)(1).

[2] 18 Pa.C.S.[] § 6301(a)(1)(ii). This section requires that a defendant engage in a "course of conduct in violation of Chapter 31 (relating to sexual offenses)."

[3] 18 Pa.C.S.[] § 3126(a)(8).

[4] 18 Pa.C.S.[] § 6301(a)(1)(i). This section requires that a defendant engage in "any act;" it does not require a course of conduct in violation of Chapter 31.

Trial Court Opinion (TCO), 3/31/25, at 2.

Appellant filed a timely post-sentence motion on November 4, 2024.[1] This motion was denied on January 22, 2025. Appellant then timely filed a notice of appeal to this Court on February 20, 2025. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal, as follows:

---

[1] Timely post-sentence motions must be filed within 10 days of the imposition of the judgment of sentence. Pa.R.Crim.P. 720(a)(1). The tenth day following Appellant's sentencing fell on a Sunday. Thus, the motion filed on Monday, November 4, 2024, was timely filed. 1 Pa.C.S. § 1908 (providing that when the last day of any time period falls on a Saturday or Sunday, such days are omitted from the timeliness computation).

1.    Did the trial court give Appellant an illegal sentence by issuing a sentence on a charge for which the jury did not enter a guilty verdict?

2.    Did the trial court give Appellant an illegal sentence by violating principles of double jeopardy?

Brief for Appellant at 7.   As these issues "present questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Baker-Myers***, 255 A.3d 223, 228 (Pa. 2021).

Appellant considers these inter-related issues simultaneously, and we do so as well.  Essentially, Appellant argues that the jury acquittals on the two other counts charged precluded a conviction at this count and any sentence imposed thereon was illegal.   At his hearing, Appellant argued that the evidence in this case did not support his felony conviction.   The statute provides:

### § 6301. Corruption of minors

**(a) Offense defined.--**

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. § 6301(a)(1).  To obtain a conviction under subsection (a)(1)(ii) — the only offense for which the jury found Appellant guilty — the Commonwealth must prove beyond a reasonable doubt that the accused "engaged in a course of conduct involving a breach of some law or laws contained in Chapter 31 of the Crimes Code."  *Baker-Myers*, 255 A.3d at 234.  *See also Commonwealth v. Kelly*, 102 A.3d 1025 (Pa. Super. 2014) (concluding that a felony corruption of minors conviction under subsection (a)(1)(ii) requires multiple acts over some period of time).

At his sentencing hearing, Appellant argued that the evidence was insufficient as a matter of law to sustain his conviction for the corruption charge because the jury acquitted him of all Chapter 31 offenses.  After the submission of briefs on the subject, the trial court agreed that, under *Baker-Myers*, Appellant's conviction could not stand because of the jury's acquittal on the predicate offenses of unlawful conduct with a minor and indecent assault.  TCO at 2.  The trial court's conclusion was correct.

The defendant in *Baker-Myers* had faced charges of rape, indecent assault, and other offenses under Chapter 31, as well as one count of corruption of minors under 18 Pa.C.S. § 6301(a)(1)(ii).  *Baker-Myers*, 255 A.3d at 225-26.  Ultimately, the jury found Baker-Myers guilty of *only* the felony-grade corruption of minors charge.  On appeal, our Supreme Court focused upon the language of sub-section (ii) that requires the defendant to commit an act "in violation of Chapter 31."  The Court noted that "this is not to say the Commonwealth must formally charge or obtain a conviction on the

Chapter 31 offense or offenses serving as the predicate for the felony corruption of minors charge in order to sustain a conviction for corruption of minors." *Id.* at 234. The Commonwealth may choose to forego charging the predicate offenses for the corruption of minors charge, "as long as it makes clear which offense it is pursuing as the predicate offense for purposes of the [felony corruption of minors] charge, and the factfinder is so made aware and, in the case of a jury, so charged." *Id.* However, "[w]here an indictment alleges and the jury is specifically charged on the underlying predicate offense, an acquittal of that underlying predicate offense renders the evidence insufficient as a matter of law with respect to the primary offense." *Id.*

In the instant case, the jury was instructed that, to convict Appellant of the corruption of a minor charge, he had to "engage in a course of conduct that constituted indecent assault." N.T. Trial, 3/12/24 at 173. Thereafter, the jury acquitted Appellant of the underlying predicate offenses of unlawful contact with a minor and indecent assault. Appellant's acquittal of the underlying Chapter 31 offense of indecent assault necessarily requires the finding that the evidence was insufficient to support a conviction for the corruption of a minor offense. *Baker-Myers, supra.* The trial court correctly determined that Appellant's corruption of minors conviction was infirm.

Many weeks after the jury rendered its decision, however, the court purported to sentence Appellant for the misdemeanor version of this offense. Despite recognizing that, under *Baker-Myers*, the evidence did not support

- 5 -

the jury's verdict on this count, the trial court purported to sentence Appellant on the misdemeanor version of this offense, claiming that it was doing so under the aegis of *Commonwealth v. Kelly*, 102 A.3d 1025 (Pa. Super. 2014). *Kelly* involved a non-jury trial on a corruption of minors offense. After Kelly was convicted under subsection (a)(1)(ii), the offense for which the jury convicted Appellant <u>in the instant case</u>, he appealed and challenged the sufficiency of the evidence, claiming that the proof at trial showed only one incident, and thus failed to prove that he acted "by any course of conduct in violation of Chapter 31." *Id.* at 1028. After review, this Court agreed that the felony had not been proven but remanded the case for resentencing on the misdemeanor version of the offense because Kelly's commission of an indecent assault, for which he was separately found guilty, was sufficient evidence to support a conviction under subsection (a)(1)(i).

While the trial court used *Kelly* as its justification for sentencing Appellant on the misdemeanor offense, this was error. The corruption of a minor statute utilizes unusual phrasing in subsection (a)(1)(ii) which "has left it vulnerable to idiosyncratic sufficiency challenges" like the instant one. *Baker-Myers*, 255 A.3d at 235. Appellant's post-verdict challenge to his conviction was such a dispute. Because of this unusual posture, however, the trial court simply did not have the power to sentence Appellant on a lesser-included charge. Once the court concluded that the evidence did not support Appellant's felony conviction, it should have discharged the defendant. Accordingly, *Kelly* is inapposite to the case at bar.

Moreover, this result comports with our foundational jurisprudential standards. As our Supreme Court explained:

Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that a verdict of acquittal could not be reviewed, on error or otherwise, without putting a defendant twice in jeopardy, and thereby violating the Constitution. The fundamental nature of this rule is manifested by its explicit extension to situations where an acquittal is based upon an egregiously erroneous foundation. In other words, the rule applies even when the acquittal patently and obviously was incorrect, or was contrary to the fact-finder's intentions. An acquittal is insulated from further review and necessarily is the definitive end of the prosecution for that charge. There can be no appeals or retrials on that charge. And, thus, it is axiomatic that one also cannot be sentenced on a crime for which he was acquitted.

*Commonwealth v. Chambers*, 310 A.3d 76, 88 (Pa. 2023) (cleaned up).

In summary, we conclude that the trial court imposed an illegal sentence when it sentenced Appellant on a charge for which he had been acquitted.[2] The court properly found that the felony charge had not been proven, and thus correctly vacated that conviction. However, that should have been the end of Appellant's dealings with the court. The court simply did not have the power to sentence Appellant on a count for which he had been acquitted.

Appellant's judgment of sentence and conviction vacated. Appellant discharged.

---

[2] "Generally, an illegal sentence is one that was imposed without authority." *Commonwealth v. Lowe*, 303 A.3d 810, 813 (Pa. Super. 2023).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/26/2026