J-S07034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND FRANKLIN MANN | : | |
| | : | |
| Appellant | : | No. 701 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 29, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002544-2019

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: APRIL 10, 2026**

Raymond Franklin Mann ("Appellant") appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant challenges the discretionary aspects of his revocation sentence.  After careful review, we vacate Appellant's sentence and remand this matter for a new resentencing hearing.

The trial court set forth the factual and procedural history of this case in the opinion prepared pursuant to Pa.R.A.P. 1925, as follows:

> On or about November 22, 2019, Appellant plead guilty to: Count 1 – Unlawful Contact with a Minor; Count 2 – Corruption of Minors – Defendant Age 18 or above; Count 2 – Indecent Assault Person Less than 13 Years of Age; and Count 4 – Endangering the Welfare of Children.[FN1]  Plea Agreement, 11/22/2019.  At that time, Appellant was sentenced to one year minus one day to two years minus one days' incarceration, followed by three years' probation. Sentencing Order, 11/22/2019.  Appellant was initially released from county prison and his probation began on March 3,

2020.[1]  Petition to Issue Capias and Bench Warrant, 4/3/2020. A bench warrant was issued, and Appellant was arrested on April 25, 2020.  Sheriff's Return of Service, 4/25/2020.  On May 22, 2020, a Violation of Probation ("VOP") hearing was held, and Appellant was found to have violated his probation and was sentenced to the maximum remaining sentence with three years' probation.  Violation Sentence Order, 5/22/2020.

[FN1]    18    Pa.C.S.[]§ 6318(a)(1);    18    Pa.C.S.[] § 6301(a)(1)(ii);  18  Pa.C.S.[]  § 3126(a)(7);  and  18 Pa.C.S.[] § 4304(a); respectively.

In August of 2020, a capias and bench warrant were issued for Appellant, … as he had been arrested for a new crime, retail theft (F3).  Petition to Issue Capias and Bench Warrant, 8/13/2020.  However, at the preliminary hearing, the charge was reduced to retail theft (S), and the capias and bench warrant were subsequently dismissed, and Appellant remained on probation. Dismissal of Capias and Bench Warrant, Release from Lancaster County Prison, 8/31/2020.

---

[1] Part of the difficulty in this case arises because the trial court does not recognize any distinction between Appellant being **paroled** from incarceration and his consecutive sentence of **probation**.  Parole and probation are distinct sentencing constructs.   Our Supreme Court has explained the distinction between probation and parole as follows: "probation is a sentence imposed for commission of crime whereby a convicted criminal offender is released into the community under the supervision of a probation officer in lieu of incarceration.  Conversely, parole is the release from jail, prison or other confinement after actually serving part of the sentence." **Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2007)(internal citations, brackets, and quotation marks omitted).  Because a probationary term does not begin until the incarceration component of the sentence is completed, a court may not treat violations committed while a defendant is on parole as prior probation violations.  **See Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*) (eliminating the practice of anticipatory revocation of probation and holding that a probation sentence does not begin until parole is complete).  As the sentencing order in this case does not state that probation immediately began upon Appellant's release from the county jail, Appellant's probation did not begin on March 3, 2020.  Rather, Appellant was paroled on that date and his probationary period began upon expiration of the incarceration portion of his sentence.

On June 22, 2022, a third capias and bench warrant were issued for Appellant, and he was arrested the same day. Petition to Issue Capias and Bench Warrant, 6/22/2022; Sheriff's Return of Service, 6/22/2022. Appellant was again found to be in violation of his probation, his probation was revoked, and he was sentenced to one year minus one day to two years minus one days' incarceration, followed by 3 years' probation. Violation Sentence Order. Appellant was released and began his probation on April 6, 2023. Petition to Issue Capias and Bench Warrant, 10/22/2023.

On October 12, 2023, a fourth capias and bench warrant were issued for Appellant, and he was arrested the following day, October 13, 2023. Petition to Issue Capias and Bench Warrant, 10/12/2023; Sheriff's Return of Service, 10/13/2023. On December 21, 2023, Appellant was again found to be in violation of his probation, his probation was revoked, and he was sentenced to the maximum remaining sentence with three years' probation. Violation Sentence Order, 12/21/2023. [Appellant] was incarcerated until September 10, 2024, and his probation began on December 2, 2024. *Id.*

A final capias and bench warrant was issued for Appellant on January 2, 2025, and he was arrested on February 7, 2025. Petition to Issue Capias and Bench Warrant, 1/2/2025; Sheriff's Return of Service, 2/7/2025. In the Petition to Issue Capias and Bench Warrant, APPS [Adult Probation and Parole Services] detailed the following violations from December 6, 2024, through December 18, 2024:

1. Appellant violated condition one of the sex offender rules and regulations of Lancaster County APPS by failing to report to the Lancaster County Adult Probation Office on December 6, 2024, as directed;

2. Appellant violated condition one of the sex offender rules and regulations of Lancaster County APPS by failing to report to the Lancaster County Adult Probation Office on December 10, 2024, as directed;

3. Appellant violated condition two of the sex offender rules and regulations of Lancaster County APPS by reporting to reside at a non-existing residence;

- 3 -

4. Appellant violated condition two of the sex offender rules and regulations of the Lancaster County APPS as Appellant's whereabouts were at that time unknown;

5. Appellant violated condition nine of the sex offender rules and regulations of Lancaster County APPS by providing false information to his probation officer. Specifically, by providing and reporting to reside at a non-existent residence; and

6. Appellant violated condition twelve of the sex offender rules and regulations of Lancaster County APPS because Appellant was unsuccessfully discharged from court ordered sex offender treatment on December 19, 2024.

Petition to Issue Capias and Bench Warrant, 1/2/2025. On April 29, 2025, a VOP hearing was concluded, Appellant was found to have violated his probation, his probation was revoked, and he was sentenced to 21 months to 7 years' incarceration. Appellant received time served credit from February 7, 2025, to April 29, 2025. Violation Sentence Order, 4/29/2025.

On May 9, 2025, Appellant filed a motion to reconsider asserting that his sentence was illegal under 42 Pa.C.S.[] § 9760 unless he was given time served credit for all time served prior to sentencing, on the original sentencing, and on each prior parole and probation violation sentence. Post-Sentence Motion to Modify Sentence, 5/9/2025 at unpaginated 3. Appellant further asserted that his sentence was illegal under 42 Pa.C.S.[]§ 9771 because this was the first violation under the December 21, 2023, sentence and as such, he was only subject to a maximum sentence of 14 days. *Id.* at unpaginated 6-7. The motion to modify sentence was denied on May 12, 2025. Order 5/12/2025.

On May 29, 2025, Appellant filed a timely notice of appeal, and on June 18, 2025, he filed his concise statement of errors asserting his sentence of 21 months to seven years' incarceration is illegal as it is in violation of 42 Pa.C.S.[] § 9771(c)(2)(i) and 42 Pa.C.S.[] § 9760. Statement of Errors Complained of on Appeal ("Appeal"), 5/16/2025.

Revocation Court Opinion ("RCO"), 7/24/2025, at 1-5.

Appellant raises the following issues on this appeal:

1.    Was a sentence of 21 months to 7 years['] incarceration imposed by the [c]ourt following the revocation of [Appellant's] probation illegal as the [c]ourt imposed a term of imprisonment greater than the maximum allowable term of 14 days pursuant to 42 Pa.C.S. § 9771(c)(2)(i) for a first technical violation of probation?

2.    Was a sentence of 21 months to 7 years illegal under 42 Pa.C.S.[] § 9760 and the principles set forth in *Commonwealth v. Williams*, 662 A.2d 658 (Pa. Super. 1995) and *Commonwealth v. Bowser*, 783 A.2d 348 (Pa. Super. 2001) where the maximum period of time the [c]ourt had available to re-sentence [Appellant] was 18 months and 1 day to three years and 2 days with time credit for 82 days spent incarcerated on the current capias?

Brief for Appellant at 4.

To begin, Appellant challenges the legality of his sentence.  If no statutory authorization exists for a particular sentence, the sentence is illegal and subject to correction.  *Commonwealth v. Tucker* 143 A.3d 955, 960 (Pa. Super. 2016).  An illegal sentence must be vacated.  *Id.*

Generally, "an illegal sentence [is] one that was imposed without authority."  *Commonwealth v. Lowe*, 303 A.3d 810, 813 (Pa. Super. 2023) quoting *Commonwealth v. Prinkey*, 277 A.3d 554, 561-564 (Pa. 2022) (stating "the inquiry is whether, assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue").  "[A] claim that a court failed to follow the limitations imposed by section 9771(c) is a challenge to the legality of a sentence[.]" *Commonwealth v. Seals*, ___ A.3d ___, ___, 2026 WL 739101, *1 (Pa. Super. filed February 17, 2026).  "Because the legality of a sentence presents a pure

question of a law, our scope of review is plenary, and our standard of review is *de novo*." ***Lowe***, 303 A.3d at 813 (citation omitted).

Appellant maintains that the resentencing court violated 42 Pa.C.S. § 9771 in imposing his new sentence. This section of our Judicial Code, involving the revocation of an order of probation, was significantly revised in June 2024. The revised statute now in force curtailed the revocation court's ability to impose prison sentences for technical violations and also articulates a new presumption ***against*** a sentence of total confinement for technical violators. The statute now provides:

### § 9771. Modification or revocation of order of probation

**(a) General rule.--**The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding by clear and convincing evidence that a person presents an identifiable threat to public safety.

**(b) Revocation.--**The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation….

**\*\*\*\***

**(c) Limitation on sentence of total confinement.--**There is a presumption against total confinement for technical violations of probation. The following shall apply:

(1) The court may impose a sentence of total confinement upon revocation only if:

(i) the defendant has been convicted of another crime;

(ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that

- 6 -

involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

****

*(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.*

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

(ii) For a second technical violation, a maximum period of 30 days.

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing….

42 Pa.C.S. § 9771 (emphasis added).

In addressing the legality of Appellant's sentence, we first must determine whether the statutory conditions for lifting the presumption against re-incarceration was established, such that the revocation court thus had the authority to impose a period of total confinement for Appellant's technical violations of his probation. **Seals, supra** (recognizing that a claim that the

sentencing conditions required for imposition of incarceration under Section 9771 were unmet involves a legality of sentence challenge).

To repeat, the allegations that Appellant had violated the conditions of his probation included: his failure to appear for appointments with his probation officer, giving his probation officer a false address, which did not exist, making his whereabouts therefore unknown, and he was unsuccessfully discharged from Sex Offender Treatment. *See* Petition to Issue Capias and Bench Warrant, 1/2/25, at unnumbered 1-2. Importantly, Appellant has stipulated to the violations. N.T. Guilty Plea, 3/25/25 at 2.

After review, we find that even if he had not stipulated to such, Appellant's several technical violations were clearly established. ***See Commonwealth v. Blango***, 327 A.3d 670, 676 (Pa. Super. 2024) ("The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.") (internal citation omitted). ***See also***, Violation Sentence Order, 12/21/23 (listing conditions of Appellant's probation, including conditions related to being a sexual offender). Thus, the revocation court had the authority to impose a new sentence on Appellant.

Appellant argues, however, that the revocation sentence is limited by Section 9771(c)(2)(i) to a period of 14 days because this is his first probation violation. The revocation court, blurring the distinction between revocations

of parole and revocations of probation, disagreed that this was Appellant's first probation violation. *See* RCO at 7 ("Appellant is mistaken; this is not his first probation violation on his VOP sentence, but his fourth violation on his original sentence" such that § 9771(c)(2)(i) does not apply). We agree with Appellant.

At the hearing in which Appellant stipulated to his probation violation, his probation officer testified, "This is [Appellant's] fourth violation on this docket, his 22nd violation overall." N.T., Guilty Plea, 3/25/25, at 2. However, defense counsel corrected this statement, noting that Appellant's parole ended, and his probation began, on December 2, 2024; prior violations were committed while he was still on *parole*. *Id.* at 3.[2] Thus, while Appellant had violated the conditions of his *parole* previously, this was his first time in front of the court with a *probation* violation, and it was a technical violation at that. ***See, Simmons, supra*** (holding that a probationary term does not begin until the incarceration component of the sentence is completed; thus, a court may not treat violations committed while a defendant is on parole as prior probation violations since probation had not commenced).

Under subparagraph (c)(2) of Section 9771, the revocation court is limited to imposing a sentence of 14 days for a first technical violation; 30 days of incarceration for a second technical violation, and only upon a third

---

[2] There is an obvious typo in the notes of testimony here. While the notes say that Appellant's parole ended on "September 2nd," other documents, including the violation report and Appellant's post-sentence motion, note that parole ended on *December* 2, 2024. We adopt the December date as found in Appellant's post-sentence motion as the date that Appellant's incarcerable sentence ended, beginning his probationary sentence, in this case.

violation can the court impose "any sentencing alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9771(c)(2). As this was Appellant's first resentencing based upon a probation violation, the court was limited to imposing a sentence of 14 days. **See Seals**, **supra** at *19 (finding that the trial court violated Section 9771(c)(2) and imposed an illegal sentence by giving the probation violator a sentence of one to five years' incarceration for his first violation of probation). Notwithstanding this limitation, the court imposed the statutory maximum sentence of 7 years of incarceration on Appellant, making his revocation sentence illegal. Because the revocation court imposed an illegal sentence, we must remand for a new resentencing hearing.

Because there appears to have been confusion regarding the issue, we briefly address Appellant's second issue on appeal, dealing with the issuance of time credit. Inexplicably, the trial court in this case only awarded Appellant credit for his incarceration from February 7, 2025 to April 29, 2025, a total of 81 days of credit. Appellant sets forth in a footnote the time periods he has served on this case: from 4/19/19 to 3/3/2020 (319 days), 4/25/2020 to 7/27/2020 (93 days), 6/22/2022 – 4/5/2023 (287 days), and 10/13/2023 to 9/9/2024 (332 days). Brief for Appellant at 32 n.5.[3] If these periods are

_____

[3] The Commonwealth agrees with these periods in their Brief for this Court, except it lists the initial start of Appellant's sentence as occurring on April 9, 2019, not the 19th. No computation was made on the record. On remand, should it become necessary, these dates must be properly verified with evidence setting forth the periods of Appellant's incarceration.

correct, this totals 1,031 days that Appellant has spent incarcerated on this sentence. The plain language of this statute clearly requires that Appellant is entitled to credit for all time he spent incarcerated prior to his resentencing on April 29, 2025. *Commonwealth v. Johnson*, 967 A.2d 1001, 1005 (Pa. Super. 2009). Had Appellant's original maximum sentence remained in place, the revocation court would have been required to apply this credit to prevent Appellant from serving a term of incarceration greater than that permitted by law. The issue is now moot, however, because the limits on a revocation sentence ensure that Appellant will not serve more than the statutory maximum.

Judgment of sentence vacated. Case remanded for new revocation sentencing hearing. Jurisdiction relinquished.

Judge Bowes joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/10/2026