J-S07041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LENORE JEAN DONADIO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JAMES FRIEND | : | |
| | : | |
| Appellant | : | No. 1225 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 6, 2025
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-25-05014

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: APRIL 14, 2026**

Appellant, William James Friend, appeals from the judgment of sentence of time served to six months' incarceration imposed after the trial court convicted Appellant of indirect criminal contempt ("ICC") for violating a protection from abuse ("PFA") order issued under the Protection from Abuse Act ("PFAA"), 23 Pa.C.S. §§ 6101-6122. Additionally, Appellant's counsel, Diana C. Kelleher, Esq. ("Appellate Counsel"), seeks permission to withdraw from further representation pursuant to ***Anders v. California***, 386 A.2d 738 (Pa. 1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After review, we grant Appellate Counsel's petition to withdraw and affirm the judgment of sentence.

The record reflects that Appellant was charged with one count of ICC for violating a temporary PFA order. **See** Complaint, 7/7/25, at 1-2; N.T., ICC

Guilty Plea Hearing, 8/6/25, at 8.[1]  The notes of testimony from the August 6, 2025 hearing reveal that on or about May 13, 2025, while there was a temporary PFA order prohibiting Appellant from contacting Lenore Jean Donadio, Appellant sent Ms. Donadio text messages including one that read: "I'm going to find out where you are so you can never hide from me."  N.T., ICC Guilty Plea Hearing, at 8-9.  Pursuant to a negotiated guilty plea, the trial court sentenced Appellant to a term of time served to six months' incarceration, in addition to a $300 fine, plus costs.  *Id.* at 14.

Appellant did not file post-sentence motions, and on September 5, 2025, Appellant filed a timely notice of appeal.  On September 9, 2025, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  However, on September 30, 2025, in lieu of a Rule 1925(b) statement, Appellate Counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).  On October 1, 2025, the trial court filed a statement noting that it would not file an opinion in this matter since Appellate Counsel filed statement of intent to file an *Anders* brief.

In the *Anders* brief, Appellate Counsel identifies three issues which might arguably support an appeal: the voluntariness of the guilty plea; the

---

[1] On May 28, 2025, the trial court entered a final PFA order that was set to expire on May 28, 2028, and on August 6, 2025, the trial court amended and extended the final PFA order to expire on May 28, 2031.  N.T., ICC Guilty Plea Hearing, at 4; PFA-Amendment to Final Order, 8/6/25.

legality of the sentence imposed; and ineffective assistance of counsel ("IAC").

*Anders* Brief at 8-11.

Before we determine whether the issues Appellate Counsel identified are frivolous, we must first address her petition to withdraw. When presented with a petition to withdraw, this Court "must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." *Commonwealth v. Weitzel*, 304 A.3d 1219, 1223 (Pa. Super. 2023). When seeking to withdraw as counsel on a direct appeal under *Anders*,

> counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient *Anders* brief; and (3) provide a copy of the *Anders* brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention.

*Id.* Furthermore:

> [A]n *Anders* brief must comply with all the following requirements:
>
>> [T]he *Anders* brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 1223-24 (citing *Santiago*, 978 A.2d at 361). After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*,

- 3 -

this Court will then "conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous." *Id.* at 1224.[2] This independent review requires that we "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, Appellate Counsel indicates that she made a conscientious examination of the record, and the *Anders* brief includes a summary of the relevant history of the case, refers to the pertinent portions of the record in her analysis of arguable appellate issues, and sets forth the conclusion that Appellant's appeal is frivolous. *Anders* Brief at 7-12. Appellate Counsel also explains her reasoning in reaching that conclusion, and supports her rationale with citations to the record and pertinent legal authority. *Id.* at 8-12.[3] Further, the record includes Appellate Counsel's petition to withdraw and a copy of the letter she sent to Appellant in which Appellate Counsel informed

---

[2] In the context of an *Anders* analysis, an appeal is frivolous where "the appeal lacks any basis in law or fact." *Santiago*, 978 A.2d at 356 (quoting *McCoy v. Wisconsin*, 486 U.S. 429, 438 n.10 (1988)).

[3] Some sections of the *Anders* brief cite to the portions of the record that arguably support the issues, while other sections do not cite to the record. Additionally, some sections include citations to relevant legal authority, while others do not. While we were able to locate pertinent information in the certified record and understood the relevant legal authority underlying the issues raised, we admonish Appellate Counsel to take greater care when filing future *Anders* briefs.

Appellant of his right to proceed *pro se* or retain private counsel. The letter also informed Appellant that he had the right to raise any additional points to this Court as he deemed necessary.[4] We conclude that Appellate Counsel has substantially complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, preserved, non-frivolous issues Appellant could pursue on appeal. ***Dempster***, 187 A.3d at 272.

As stated above, the first issue Appellate Counsel identified that might arguably support an appeal was a challenge to the voluntary nature of Appellant's guilty plea. ***Anders*** Brief at 8. Appellate Counsel concludes that Appellant's plea was knowing, voluntary, and intelligent, and as such, this claim is frivolous. ***Id.*** at 11. After review, we agree with Appellate Counsel's assessment.

"Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468 (Pa. Super. 2017); ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011)

---

[4] Appellant has not filed a reply to counsel's ***Anders*** brief.

(citation omitted). A defendant has no absolute right to withdraw a guilty plea. ***Commonwealth v. Kehr***, 180 A.3d 754, 757 (Pa. Super. 2018). Rather, the decision to grant such a motion lies within the sound discretion of the trial court. ***Id.*** Furthermore:

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (internal citations omitted); ***see also*** Pa.R.Crim.P. 590 cmt. (setting forth a non-exhaustive list of questions a trial judge should ask before accepting a plea).

Further, nothing in Rule 590 "precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted).

However,

> [i]t is well-settled that a defendant who wishes to withdraw his or her guilty plea following the imposition of a sentence must do so within 10 days of sentencing. ***See Commonwealth v. Moore***, 307 A.3d 95, 99 (Pa. Super. 2023) (citing Pa.R.Crim.P. 720(A)(1)); ***see also Lincoln***, 72 A.3d at 609-10 ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion

to withdraw the plea within ten days of sentencing."). Failure to do so results in waiver of any involuntariness claim. ***See Moore***, ***supra***; ***see also Lincoln supra***.

***Commonwealth v. Ortiz-Pagan***, 322 A.3d 247, 254 (Pa. Super. 2024)(some formatting altered).

Here, Appellant did not object at the time of his sentencing or file a post-sentence motion to withdraw his plea. Typically, this would mean that Appellant failed to preserve a challenge to the validity of his guilty plea, and as such, the claim would be waived and, therefore, frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (explaining that for purposes of an ***Anders*** analysis, a waived issue is a frivolous issue).

However, our independent review of the record does not reflect that Appellant was advised of his right to file a post-sentence motion. After the trial court imposed sentence, Appellant had the right to file a post-sentence motion within ten days and to appeal within thirty days. Pa.R.Crim.P. 704(C)(3)(a). The trial court was required to, on the record, ensure Appellant was apprised of these rights. ***Id.*** The record reflects that after imposing sentence, the trial court asked Appellant's counsel ("Plea Counsel") to "go over your client's appeal rights with him." N.T., ICC Guilty Plea Hearing, at 15. Although his appellate rights are mentioned, it is not clear from the record that Appellant was properly informed of his right to file a post-sentence motion. Accordingly, we decline to find waiver.

Nevertheless, we conclude that the issue is frivolous. As noted above, a valid guilty plea must be knowing, intelligent, and voluntary, and before accepting a guilty plea, the trial court must determine the defendant's understanding of certain factors. *See Kelley*, 136 A.3d at 1013. Here, the record reflects that Appellant signed a written guilty plea colloquy which was made a part of the certified record, and the trial court conducted an oral colloquy on the record. The two colloquies support the conclusion that Appellant's plea was knowing, intelligent, and voluntary as Appellant was aware of the nature of the charge against him, the factual basis for his plea, the presumption of innocence, the sentencing ranges he faced, and that the trial court was free to deviate from any recommended sentence.[5] *See* N.T., ICC Guilty Plea Hearing, at 4-14; Written Colloquy, 8/6/25, at 1-2. Accordingly, we conclude that an appeal on this issue would lack any basis in law or fact and, therefore, it would be frivolous. *See Santiago*, 978 A.2d at 356.

The next issue Appellate Counsel identified that may arguably support an appeal is a challenge to the legality of the sentence imposed. *Anders* Brief

---

[5] The trial court was not required to address the right to a jury trial as Appellant did not face a sentence of more than six months of incarceration. *See Commonwealth v. McMullen*, 961 A.2d 842, 847 (Pa. 2008) (stating that "[t]he right to a jury trial under the Sixth Amendment to the United States Constitution and Article I, §§ 6, 9 of the Pennsylvania Constitution applies when a criminal defendant faces a sentence of imprisonment exceeding six months"). Here, the maximum sentence of incarceration that Appellant faced was capped at six months by statute. 23 Pa.C.S. § 6114(b)(1)(i).

at 11. Appellate Counsel states that Appellant's sentence did not exceed the statutory maximum and concludes that this issue is frivolous. *Id.* After review, we agree with Appellate Counsel that the issue is frivolous.

Generally, "an illegal sentence [is] one that was imposed without authority." *Commonwealth v. Lowe*, 303 A.3d 810, 813 (Pa. Super. 2023)(quoting *Commonwealth v. Prinkey*, 277 A.3d 554, 561-564 (Pa. 2022) (stating "the inquiry is whether, assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue"); *see also Commonwealth v. Bradley*, 834 A.2d 1127, 1131 (Pa. 2003) (providing that a sentence that exceeds the statutory limits constitutes an illegal sentence). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." *Lowe*, 303 A.3d at 813 (citation omitted).[6]

The statutory maximum sentence that the trial court could have imposed was a $1,000 fine and six months of incarceration. 23 Pa.C.S. § 6114(b)(1)(i). Here, the trial court imposed a sentence of time served to a maximum of six months of incarceration, plus a $300 fine and costs. N.T., ICC Guilty Plea Hearing, at 14.

_____

[6] An illegal sentence may also involve claims concerning merger/double jeopardy, and claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466. *Commonwealth v. Munday*, 78 A.3d 661, 664 (Pa. Super. 2013). Here, merger/double jeopardy and the rule from *Apprendi* are not implicated. Accordingly, our analysis is coextensive with that of Appellate Counsel, and we focus our inquiry on whether the sentence exceeded the statutory maximum and thereby exceeded the trial court's authority to impose it.

After review, we conclude that Appellant's sentence did not exceed the statutory maximum and, as such, the trial court had the authority to impose this sentence. Accordingly, Appellant's sentence was not illegal. *See Lowe*, 303 A.3d at 813; *Bradley*, 834 A.2d at 1131. For these reasons, an appeal challenging the legality of the sentence imposed would be frivolous. *See Santiago*, 978 A.2d at 356.

The final issue that Appellate Counsel identified is a claim that Plea Counsel was ineffective. *Anders* Brief at 11. Appellate Counsel concluded that pursuant to the rule announced in *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), this claim must await collateral review under the Post Conviction Relief Act (PCRA),[7] and therefore, the issue is frivolous on direct appeal. *Id.* at 12. For the reasons set forth below, we agree.

Our Supreme Court has held that, as a general rule, IAC claims must be raised during collateral review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013); *Grant*, 813 A.2d at 738. The *Holmes* Court recognized two exceptions to the general rule where IAC claims may be raised and addressed on direct appeal "both falling within the discretion of the trial judge[:]" (1) there are extraordinary circumstances in which trial counsel's "ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause

---

[7] 42 Pa.C.S. §§ 9541-9546.

shown" and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. *Holmes*, 79 A.3d at 563-64. Subsequently, our Supreme Court recognized an additional exception where the defendant is statutorily precluded from obtaining review under the PCRA. *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018). Instances in which a defendant would be statutorily precluded from PCRA review occur when: (1) the defendant received a fine and would not be eligible for relief under the PCRA because he or she would not be serving a sentence of incarceration, probation, or parole; or (2) in cases where the defendant received a sentence with a short duration, and he or she would complete the sentence and no longer be eligible for relief under the PCRA.[8] *Delgros*, 183

---

[8] Our Supreme Court further explained

> [i]n *Commonwealth v. O'Berg*, 880 A.2d 597 (Pa. 2005), the Court declined to recognize a categorical exception to *Grant's* general deferral rule, which would have permitted defendants with short sentences of incarceration, who would likely be ineligible for PCRA review as they would no longer be in custody, to present ineffectiveness claims on direct appeal. The Court held that the reasons for deferring review of ineffectiveness claims espoused in *Grant* (*i.e.*, the lack of a trial court opinion, lack of a sufficient record, and transformation of an appellate court into a factfinder) are all present in the short-sentence scenario, thereby suggesting that deferral to collateral proceedings remained appropriate, even though some defendants may not be eligible for PCRA review as they would no longer be serving a sentence of imprisonment, probation or parole under Subsection 9543(a) of the PCRA. *O'Berg*, 880 A.2d at 601-02. The *O'Berg* Court found the concept of a "short sentence" too ambiguous to provide the lower courts any guidance on how to apply such an exception and feared

*(Footnote Continued Next Page)*

A.3d at 354, 359-61; 42 Pa.C.S. § 9543(a)(1)(i). However, the **Delgros** Court limited its holding to cases in which the defendant raised the IAC claim in a post-sentence motion. **Id.** at 362-63; **see also Commonwealth v. Smith,** 2061 EDA 2024, 2025 WL 658341, at *3 (Pa. Super. filed February 7, 2025)(unpublished memorandum)(explaining that to satisfy the exception set out in **Delgros**, the defendant must raise his claim in a post-sentence motion); **Commonwealth v. Pesikan,** 506 EDA 2020, 2021 WL 240536, at *3 (Pa. Super. filed January 25, 2021) (unpublished memorandum)(same).[9]

While not addressed by Appellate Counsel in the **Anders** brief,[10] we conclude that the exceptions set forth in **Holmes** and **Delgros** do not apply in this case. First, Appellant did not raise his IAC claim in the trial court, and therefore, the trial court could not exercise its discretion and review Appellant's claim as required in the first exception in **Holmes**. Second, because Appellant did not present his claim to the trial court, it could not exercise its discretion and determine if "good cause" was shown, and

_____

> that adopting a "short sentence" exception "would undermine the very reasons that led to our decision in **Grant** in the first instance." **Id.** at 602.

**Delgros**, 183 A.3d at 359-60 (footnotes omitted and some formatting altered).

[9] **See** Pa.R.A.P. 126(b) (stating that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[10] We reiterate that we caution Appellate Counsel to take greater care in preparing future **Anders** briefs.

additionally, Appellant has not knowingly and expressly waived his entitlement to seek subsequent PCRA review of his conviction and sentence. *Holmes*, 79 A.3d at 563-64. Third, the *Delgros* Court expressly limited its holding to cases where the defendant raised his claim in a post-sentence motion. *Delgros*, 183 A.3d at 362-63. As stated above, Appellant did not file post-sentence motions and did not present this issue to the trial court. Accordingly, the *Grant* exception announced in *Delgros* was not satisfied. *See id.*; *see also Smith,* 2025 WL 658341, at *3; *Pesikan,* 2021 WL 240536, at *3. Because we conclude that none of the aforementioned exceptions apply, Appellant's IAC claim cannot be considered on direct appeal, and Appellant must await collateral review.[11] *Grant*, 813 A.2d at 738; *see also Delgros*, 183 A.3d at 361; *Holmes*, 79 A.3d at 576. Accordingly, on this record and under the circumstances presented here, raising a claim of IAC on direct appeal is frivolous. *See Santiago*, 978 A.2d at 356.

For the reasons set forth above, we conclude that an appeal on the issues identified by Appellate Counsel would be wholly frivolous. *Weitzel*,

---

[11] We recognize that Appellant has likely completed serving his sentence rendering him ineligible for collateral relief. 42 Pa.C.S. § 9543(a)(1)(i). However, since Appellant cannot satisfy an exception under *Holmes* or *Delgros*, and since there is not a categorical "short sentence" exception to *Grant's* general rule, an IAC claim cannot be considered at this time. *See Delgros*, 183 A.3d at 359-60 (concluding that even in the "short sentence scenario," deferral to collateral proceedings remains appropriate even though some defendants may not be eligible for PCRA review)(citation omitted); *see also O'Berg*, 880 A.2d at 602 (reflecting that our Supreme Court declined to recognize categorical "short sentence" exception to *Grant's* general deferral rule where claims of IAC must await collateral review).

304 A.3d at 1223; **Santiago**, 978 A.2d at 356. Furthermore, after undertaking an independent review of the record, we conclude that there are no preserved non-frivolous issues Appellant could raise herein. **Dempster**, 187 A.3d at 272. Accordingly, we affirm Appellant's judgment of sentence and grant Appellate Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2026